DREW, Justice.
This is a companion case to Robert Williams, alias “Bobo” Williams v. State, Fla., 69 So.2d 766, and which opinion was filed this day.
In this' case Young was found guilty by the jury on Counts 1, '2, 4, S' and- 6, as ■ *762 charged in the information. The Court entered the following sentence:
“Therefore, it is the sentence, order and judgment of the Court that you, Lorus Argie Young, for the offenses charged in counts' one and six, of the Information filed in said cause, be confined in the County Jail of Polk County, Florida, at hard labor for a term of One (1) year; and for the offenses charged in counts two, four, and five, of said Information, that you be confined in the State Prison of Florida at hard labor for a term of Eighteen (18) months, said sentence to run concurrently with the sentence imposed upon you in counts one and six.”
Counts 1 and 6 pertain to misdemeanors and counts 2, 4 and 5 charge felonies.
The officers had some information about Lorus Argie Young, alias Joe Young, which was not sufficient evidence to arrest him and prosecute him for a violation of the gambling laws. On account of this information they watched his home. Shortly after midnight on the morning of April 12, 1952, the testimony shows that a truck drove into Young’s yard and someone got out of the truck in an intoxicated condition and went into the house. About 4:00 o’clock that same morning, Williams, a co-defendant, drove into Young’s yard, turned his parking lights on and went to the door and knocked. When Mrs. Young came to the door, the person said, “This is Willie”, and handed her a package, and then said, “Give this to Mr. Joe Young”. The witness who testified to these facts was named Bowen. The light was on in the house and Bowen could see the package which had been handed to Mrs. Young. He testified that he had a lot of dealings with bolita and Cuba operations and that the package was folded up in a paper bag and was about six inches long, and was consistent with packages used in bolita and Cuba operations.
The house was still under surveillance and about 4:00 o’clock on the morning of April 19th Williams drove into Young’s yard in a truck. He went to Young’s pickup truck and put a package in it. The package was in a brown paper bag and was folded over about six inches long and three or four inches high and was consistent with packages used by bolita and Cuba operators: Williams and a man by the name of Corbett were arrested. The package which was put in Young’s truck was filed in evidence. It contained Cuba tickets and copies of Cuba tickets. The officers, armed with a search warrant, then went to Young’s back door and served the warrant upon him. They searched the house and found a tally sheet where all of the amounts paid in for numbers had been added up. They also- found some grocery charge pads which were used to' write numbers on and some pads which were reg- ■ ular bolita pads. A page of the sales book showed bolita numbers and the amount played on bolita. They found an adding machine and adding machine tape on which numbers had been added up. After Williams was arrested and Young was arrested, Williams made a signed statement in which he went into considerable detail concerning his connection with Young and their bolita operations. This confession or statement was filed in evidence with reference to count 1 of the information which charged a conspiracy or a misdemeanor. As will hereinafter be pointed out, we do not review the testimony with reference to the conspiracy charge as it is a misdemeanor.
There was sufficient evidence, if believed by the jury, together with the inferences to be drawn from such evidence to warrant the verdict of the jury with reference to the felony counts. We do not review the verdict, sentence and judgment with reference to the misdemeanor counts, except to order a proper judgment or sentence when misdemeanors and felonies are charged in different counts of the same information charging variations of only one offense. The information in this case was with reference to the same criminal transactions although in several counts the acts charged to have been committed by different methods embraced within the alter *763 native provisions of the státute. There should be only one sentence and punishment and the Court should impose a sentence on the count which charges the higher grade or degree of the offense. See Mixon v. State, Fla.1951, 54 So.2d 190; Simmons v. State, 151 Fla. 778, 10 So.2d 436.
There were numerous objections to various portions of the testimony and rulings by the -Court thereon which were assigned as error, and the assignments of error were covered in detail by the briefs filed. No -new law could 'be established or any good purpose served by a detailed discussion of these assignments of error. It is sufficient to say that they have 'been carefully considered and we find no reversible error.
Affirmed, with directions to impose a proper sentence in accordance with this opinion.
ROBERTS, C. J., and THOMAS and MATHEWS, JJ., concur.
JONES, Associate Justice, dissents.
(
TERRELL and SEBRING, JJ., not participating.