72 So.2d 386 (1954)
STEELE
v.
MAYO.
Supreme Court of Florida. Special Division A.
May 7, 1954.
Geoffrey M. Steele, in pro. per.
Richard W. Ervin, Atty. Gen., Mark R. Hawes, Asst. Atty. Gen., for respondent.
TERRELL, Acting Chief Justice.
Petitioner was granted writ of habeas corpus on a petition charging that he was tried in the Criminal Court of Record, Duval County, for breaking and entering with intent to commit grand larceny, the information being in three counts. He was convicted on counts one and three and acquitted on count two. He was sentenced on counts one and two. Respondent's return to the writ shows that petitioner was sentenced to terms of five and two years respectively on counts one and three and that he is lawfully in custody.
The return admits that the records, Criminal Court of Record, Duval County, because of a typographical error, show that petitioner's two year sentence was predicated on the second count of the information, on which petitioner was acquitted, but says respondent on the 15th day of February, 1954, by nunc pro tunc order, copy of which is made part of the return, the said records were corrected to make them speak the truth. We think the trial court was authorized to make the correction and that it cures the error in the judgment of conviction. Wheeler Fertilizer Company v. Rogers, Fla., 49 So.2d 83.
It is also contended that the charge of breaking and entering is inconsistent with the charge of larceny and that both cannot stand.
There is no merit to this contention. Section 810.02 F.S.A. amended the common law to comprehend a situation like we are confronted with here. The information did nothing more than present two aspects of the same criminal transaction and petitioner was sentenced five years for breaking and entering and two years on the larceny charge.
*387 We find no error so the writ of habeas corpus is quashed and petitioner is remanded to the custody of respondent.
It is so ordered.
THOMAS, MATHEWS and DREW, JJ., concur.