203 So.2d 356 (1967)
Charlie Prince FOOTMAN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 67-187.
District Court of Appeal of Florida. Second District.
October 25, 1967.
Robert E. Pyle, of Edmund, McDaniel & Pyle, Lake Alfred, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
PER CURIAM.
The appellant, Charlie Prince Footman, Jr., was informed against. In separate counts he was charged with the crimes of (1) breaking and entering a commercial building with intent to commit a felony therein, and (2) grand larceny. When arraigned he pleaded not guilty. Trial was had before a jury in the Polk County Criminal Court of Record, and the defendant was found guilty. Thereupon the court entered its judgment of guilt on the two charges and imposed two sentences of confinement in the state penitentiary for periods of five (5) years for each count. The sentences are to run consecutively.
The sole question raised by this appeal is whether the trial court erred in imposing consecutive sentences of five (5) years for each of the two counts contained in the information.
Appellant contends that the two counts of the information were but separate facets of a single criminal transaction, as distinguished from counts charging separate and distinct, though perhaps kindred crimes. He further argues that the law in Florida is well settled that when an information contains more than one count, and each is a facet or phase of the same transaction, there can only be one sentence imposed; and that sentence should be imposed on the highest offense charged. Citing for authority Wyche v. State, Fla.App. 1965, 178 So.2d 875; Wells v. State, Fla.App. *357 1964, 168 So.2d 787; Sharon v. State, Fla. App. 1963, 156 So.2d 677; Bullard v. State, Fla.App. 1963, 151 So.2d 343; State v. Schagg, Fla.App. 1959, 115 So.2d 783; and Norwood v. State, Fla. 1956, 86 So.2d 427.
We would not quarrel with the above proposition of law as stated by appellant when used in the proper context. Whether the proposition can properly be utilized in the case sub judice, however, is bottomed on the more basic question of whether breaking and entering with intent to commit a felony and grand larceny are facets of the same criminal transaction.
Our Supreme Court in Steele v. Mayo, Fla. 1954, 72 So.2d 386, upheld the sentencing of a defendant where he had been sentenced to five years for breaking and entering and two years for larceny. In doing so it stated:
"It is also contended that the charge of breaking and entering is inconsistent with the charge of larceny and that both cannot stand.
"There is no merit to this contention. Section 810.02 F.S.A. amended the common law to comprehend a situation like we are confronted with here. The information did nothing more than present two aspects of the same criminal transaction and petitioner was sentenced five years for breaking and entering and two years on the larceny charge."
Section 810.02, Florida Statutes, F.S.A., above referred to, provides that whoever breaks and enters any other building * * * with intent to commit a felony * * * shall be punished by imprisonment in the state prison not exceeding fifteen years. This statute spells out the maximum punishment for the separate crime of breaking and entering buildings, other than dwelling houses, with intent to commit a felony.
The two statutes with which we are confronted in this case are: F.S. § 810.02 and § 811.021(2), F.S.A. Thus, based on the case of Isaac v. State, Fla.App. 1961, 134 So.2d 38, and the two different chapters of statutes involved, the two counts in the information against appellant represent two separate and distinct crimes for which two sentences could be imposed. Therefore, the lower court is affirmed.
Affirmed.
LILES, C.J., and ALLEN and PIERCE, JJ., concur.