PER CURIAM.
By an information the appellant was charged with robbery, in one count, and with assault with intent to commit murder in the first degree, in a second count. His trial before a jury resulted in convictions on both counts. On the first count he was convicted of robbery. On the second count the conviction was for aggravated assault, a lesser included offense of the offense there charged. He was sentenced to imprisonment for twenty years on the former, and to imprisonment for five years on the latter, with provision for the sentences to run concurrently. The sole question presented on this appeal taken by the defendant is whether imposition of two sentences by the court was error.
Appellant argues: “It is well established that where an information contains more than one count, but each is a facet or phase of the same transaction, a conviction may be had on each count, but only one sentence may be imposed.” We are not in disagreement with that proposition. See Yost v. State, Fla.App.1971, 243 So.2d 469, cited by appellant.
However, on the facts of this case the argument submitted by the appellant is not applicable.
The record shows that an employee of a life insurance company, engaged in the *302 collection of premiums in a certain area of the city, and his supervisor who was accompanying him, were accosted on the street by the defendant who pointed a gun at the head of one of the men and forced them to enter an alley or areaway between two buildings; that thereupon other men appeared and relieved the agent of money and other articles on his person, following which the defendant and the other assailants departed from the area, and as they were leaving one of them fired a shot at the victims. There was testimony by one of the victims that the defendant was the man who fired the shot.
The charged offense of assault with intent to commit murder (under which the defendant was convicted of aggravated assault) was committed after the robbery occurred, and during the defendant’s flight from the scene of the first offense. In that situation the two offenses were separate, and it was proper to impose the two sentences. Steele v. Mayo, Fla. 1954, 72 So.2d 386; Kish v. State, Fla.App.1967, 198 So.2d 639; Footman v. State, Fla.App.1967, 203 So.2d 356.
Affirmed.