PER CURIAM.
The defendant, Hector Cornillot Llano, was charged by information with unlawfully throwing, placing or discharging a bomb with intent to do damage to the property of Air Canada, a Crown Corporation, at its office located in Miami Beach, Florida. The information was filed on October 14, 1970, but because of the defendant’s incarceration in another state, he was not arraigned until November 17, 1971. Prior to the arraignment, the defendant had been adjudged insolvent and the public defender was appointed to represent him. Thereafter, private counsel appeared on behalf of the appellant and moved for a continuance of the trial date set by the court. The defendant was tried before a jury on May 5, 1972. He was found guilty as charged and sentenced to thirty years in prison. This appeal is from that judgment and sentence.
Appellant is represented on this appeal by able counsel specially appointed as a *35 public defender to bring this appeal. It is apparent from the record that appellant has not cooperated with those assigned to aid him in his defense. At trial the appellant maintained that he had a constitutional right not to have counsel.
On this appeal, appellant urges reversal under three points which we will discuss as they are presented. The first point urges that the trial court erred in denying defendant’s motion for discharge pursuant to his demand for a speedy trial. Motions for discharge pursuant to Rule 3.-191, CrPR, 33 F.S.A., appear at three places in the record. The first motion is by a writing entitled “Motion to Dismiss directed to: The Honorable Helen Mor-phonious.” This motion recites that “previous to the present application movant herein addressed the Florida State Supreme Court on Dec. 11, 1970 in the manner of a legal notarized document entitled ‘Motion for a Quick, Fair and Speedy Trial, Petition for issuance of a Writ of Mandamus.’ ” Thereafter, appellant recites that he is entitled to a discharge pursuant to Rule 3.191, CrPR, 33 F.S.A. A similar motion was denied by the trial court on May 3, 1972. Subsequently, immediately prior to the trial on May 5, 1972, an oral motion to dismiss was presented upon the same grounds. This motion was also denied. There is no doubt that the constitutional right to a speedy trial may be waived by conscious decisions of trial strategy. Zerschausky v. Beto, 396 F.2d 356 (5th Cir. 1968). On this appeal, appellant does not attempt to demonstrate that a constitutional right was violated inasmuch as he does not argue that he was not brought to trial within a reasonable time, but he argues that the criminal procedure rule providing for speedy trial has been violated. It is likewise clear that when defendant or his counsel request a continuance the time limitations on the speedy trial rule are no longer applicable. State ex rel. Butler v. Cullen, Fla.1971, 253 So.2d 861. The record in the present instance contains a motion for continuance by privately retained counsel for the defendant, and requests for continuance by public defenders who are still working to afford appellant all legal protection available even though their services have been rejected by him. We hold that no error has been demonstrated upon the denial of the written motion for dismissal or the oral motion made at the beginning of the trial.
The second point presented for reversal urges that the trial court erred in not granting defendant’s motion for judgment of acquittal because the testimony was insufficient to identify defendant as the perpetrator of the crime. At the trial, one of the witnesses, a Federal Bureau of Investigation agent, testified to a confession by the appellant. At that time, he was not asked to point to the defendant as the person who confessed to him. The witness did, during his testimony, refer to the defendant both by his name and by designating him as the defendant. No objection to or motion to strike the testimony was made by the defense. Nevertheless, it was argued on motion for acquittal that the identification was not sufficient. We hold that error has not been presented under these circumstances.
 Appellant’s third point claims reversible error upon the trial court’s denial of his motion for judgment of acquittal “inasmuch as one of the essential points of the information, one dealing with the ownership or existence of Air Canada, a Crown Corporation, was not proven.” We have examined the record in the light of this point and find that the evidence was sufficient to establish that the ownership of the premises bombed was Air Canada as owner, tenant or lessee and that it was not fatal for the State to fail to establish the corporate structure of Air Canada, a Crown Corporation. The premises were fully identified so that there is no possibility of double jeopardy. Sifford v. State, Fla.App. 1967, 202 So.2d 14. In addition, it was proved that appellant placed a bomb in the office located at 6988 Collins Avenue, *36 Miami Beach, which was the city ticket office of Air Canada. We hold that the charge was proved as to the identity of the property bombed.
Since we have considered each point and find no reversible error, the judgment and sentence are affirmed.
Affirmed.