MANN, Chief Judge.

We consider the rule to be that if all the counts are good, and such as on which judgment can be awarded, and the evidence warrants the conviction, to pass judgment on the cotmt charging the highest grade of offence;

Cribb v. State, 1861, 9 Fla. 409, 416.
For more than a century the Supreme Court of Florida has adhered with constancy, with the single apparent exception of Steele v. Mayo, Fla.1954, 72 So.2d 386, which we now understand more clearly and discuss herein, to the so-called single transaction rule, limiting punishment to the gravest of those several offenses into which a single criminal episode may be categorized. In a sense, it is like a game of scrabble, in which a player is dealt letters with which he may form words. He may arrange the letters in whatever form he chooses, but having determined their most effective configuration and counted the score accordingly, he cannot rearrange the letters and count them again. In this opinion we consider the extent to which prosecution is the same sort of a game.
Edmond and another broke into a McDonald’s restaurant early one morning and were found there by police, surrounded by burglary tools and cash. Convicted of breaking and entering with intent to commit a felony, possession of burglary tools and grand larceny, Edmond was sentenced to consecutive maximum terms of 15, 10 and 5 years respectively. We hold that the sentences in excess of fifteen years are invalid, and consequently affirm the judgment and sentence entered on the gravest offense and reverse as to the others.
The crime of possession of tools adapted for burglary possessed with the intent of committing that crime is peculiarly of the type which illustrates the reason for the single transaction rule. Similarly, legislative proscription of possession as well as sale of narcotics indicates that there are frequent occasions when the provable facts do not add up to the offense contemplated by the criminal, and for some reason may not show an attempt, and it is desirable to establish a criminal category which permits punishment. Similarly, our law regarding attempts and conspiracies to commit crime shows a legislative intention to eradicate crime, and an effort to enlarge the cata-logue of crime sufficiently to fit the particular case, so that a criminal does not go free because some element of proof is missing or because the police were efficient in making an arrest before the criminal episode reached its intended conclusion.
Because the legislative development of the law has been marked by multiplication of offenses, each describing different configurations of fact commonly found in criminal behavior, the single transaction rule makes sense. In essence, it is a rule presumptively declarative of legislative intent. Within the broad range allowed by the Constitutions, the Legislature is at liberty to prescribe more severe punishment for particular crimes or to provide that they be cumulatively punishable. The postulate we proceed from when we deal with crimes like possession of burglarious tools, possession of narcotics or of gambling paraphernalia is that the Legislature intended not to compound punishment but to be certain that some configuration of fact sufficient to denote criminal activity affords a basis for a single punishment. Thus we have avoided the rigidity of common law classification of crimes, where gaps were left open for criminals to escape.
The question whether burglary and larceny are cumulatively punishable is more complex, and we have extensively examined the history and present status of the question. Perkins, in his hornbook on criminal law, says that “At common law a burglar who breaks in to steal and is successful in his effort is not only guilty of both burglary and larceny but may be con *451 victed and punished for both.” [1] He cites no authority. We have searched in vain for any case in which, under English common law, one has been punished for both burglary and larceny.
There is a leading case, Rex v. Vandercomb and Abbott,[2] in which the defendants were surprised in a house, whose owners were away, by a man to whom the key had been entrusted. He had discovered the removal of goods from the rooms to the passage, ready to be taken away. Recruiting ten or twelve others from the local public houses, the keeper of the keys returned while Vandercomb and Abbott were inside. The first prosecution failed because the charge of breaking and entering and stealing fell because of inadequate proof of as-portavit, and a verdict of acquittal was directed. They were held in custody pending a new indictment, and the question arose at the second trial whether the first could be pleaded in bar. On the second occasion they were charged with breaking and entering with the intent to commit a felony, and pleaded atitrefois acquit. All of the discussion about the distinction between burglary and larceny in the Vandercomb case is set against the background of the double jeopardy question. Prior cases, particularly Turner’s case, Kelyng 30, 84 Eng.Rep. 1068 (K.B. 1664), were discussed as they bore on this issue. Too much is said in these cases to repeat at the expense of The Florida Bar, but the clear implication of the early English cases is that rigid forms of pleading in criminal cases forced courts to acknowledge distinctions which permitted successive prosecutions. Today, there is no barrier to pleading several counts in an information and proving one or more of them. The lesson of the common law as we read it is not what Perkins says. There is no early English case we can find in which cumulative punishment has been imposed for burglary and larceny. The imposition of capital punishment at that time in England makes it unlikely that we would encounter such a case of cumulative punishment. The present law of England would seem to merge burglary and larceny committed under the circumstances of this case by prescribing that:
“A person is guilty of burglary if—
(a) he enters any building or part of a building as a trespasser and with intent to commit any such offence as is mentioned in subsection (2) below; or
(b) having entered any building or part of a building as a trespasser he steals or attempts to steal anything in the building or that part of it or inflicts or attempts to inflict on any person therein any grievous bodily harm.”[3]
What we must do, however, is separate the question of double jeopardy from that of cumulative punishment.[4] Unless there is explicit legislative direction to the contrary, as there is in Missouri, where burglary and larceny are specifically made cumulatively punishable,[5] we should assume that the Legislature has provided for each grade of offense the contemplated punishment of one who, in the commission of that offense may have — probably has — ■ committed another. In short, today’s criminal codes have eliminated the problems created by the common law in allowing loopholes through which the criminal might escape. The provision of punishment for many offenses suggests that while succes *452 sive prosecutions may be allowed — the law on that point is in some question[6] — the maximum punishment is fixed at that prescribed for the most serious crime proved.
There is an additional reason to consider that breaking and entering with intent to commit grand larceny and grand larceny should not be cumulatively punishable. Breaking and entering with intent to commit a misdemeanor is punishable by imprisonment for five years,[7] while if the intent be felonious, the penalty is fifteen.[8] In Edmond’s case the grand larceny was duly proved, and served as evidence of the intent with which the more serious burglary was charged. Having thereby tripled his punishment, are we to assume that the Legislature also intended to add five years because the larceny was completed? Would we suppose a maximum of 17% years if the police had arrived during an attempt? We think that a comparison of Florida’s statutes with Missouri’s, for example, shows why the legislative intent is embodied in the statutes and why we should follow those jurisdictions in which larceny and burglary are held not cumulatively punishable.[9] Care must be taken in analyzing the cases. There are some authorities which uphold double punishment,[10] but there are in some of these cases other grounds for upholding separate sentences. Consider, for example, Ex parte Peters.[11] That was habeas corpus, denied, later cited as authority for the correctness of cumulative punishment; but in that case the judge points out that the view of Chief Judge Waite, dissenting in Wilson v. State, 24 Conn. 57, would have been persuasive to the contrary had the sentences complained of not have been substantially less in the aggregate than that which could have been imposed on the admittedly valid count.
That brings us to Steele v. Mayo, Fla.1954, 72 So.2d 386. That too was habeas, brought principally to complain of Steele’s having been sentenced under counts one and two, while in fact he had been convicted of counts one and three and acquitted of count two. Our Supreme Court held that the correction of a typographical error by a later nunc pro tunc order was proper. To Steele’s second point that the charge of breaking and entering was inconsistent with that of larceny and that both could *453 not stand, Mr. Justice Terrell replied, “There is no merit to this contention. Section 810.02 F.S.A. amended the common law to comprehend a situation like we are confronted with here. The information did nothing more than present two aspects of the same criminal transaction and petitioner was sentenced five years for breaking and entering and two years on the larceny charge.” Taken, as it has been, as blanket authority for cumulative punishment, this seems subject to the qualification of an unbroken line of Florida cases. We think, having examined the entire record of Steele v. Mayo, that denial of habeas corpus was proper in that case because the aggregate punishment did not exceed the fifteen years provided for the more serious offenses. Earlier, in Simmons v. State, 1942, 151 Fla. 778, 10 So.2d 436, the Court had referred to the harmless error rule, but, in order to establish the proper procedure in recognizing the limits of the single transaction doctrine, remanded for vacation of a cumulative sentence imposed to run concurrently.
This court, in a case in which the aggregate punishment was less than that attributable to the graver offense, affirmed. Footman v. State, Fla.App.2d 1967, 203 So.2d 356. In a recent opinion by Judge Liles, this court receded from Footman to the extent that it implies permissible sentences exceeding the maximum allowable for the most serious offense arising out of the same criminal episode. Davis v. State, Fla.App.2d opinion filed April 19, 1973, 277 So.2d 300.
We think it necessary carefully to distinguish the question of successive prosecution from that of cumulative punishment. There is a considerable body of opinion that the single transaction rule furnishes a correct interpretation of “same offense” as that phrase is used in the double jeopardy clause. U.S.Const. Amend. V. To translate the power to bring successive prosecutions into the power to impose cumulative punishment overlooks the history of the law. In truth, the multiplication of offenses is a great boon to prosecutors who may find some element missing in their case yet prosecute some cognate offense successfully. The rule limiting the punishment to that prescribed for the gravest offense comprehended within the factual matrix is a small price to pay for this kind of flexibility. If the rule were not fairly applied, relatively minor offenses might be added together to impose excessive sentences. If the legislature wishes to increase the penalties for burglary or larceny, it may do so. Until it does, we assume that by making breaking and entering with the intent to commit grand larceny three times more serious than breaking and entering with intent to commit petit larceny, the intent was to acknowledge the single transaction rule as a limitation of punishment for a single episode. Our sister court in the Fourth District seems to have reasoned from a double jeopardy case, State v. Conrad, Fla.App. 4th 1971, 243 So.2d 174, to the conclusion, derived in part from Footman, from which we have since receded, that cumulative punishment is permissible where breaking and entering ensues in larceny. White v. State, Fla.App. 4th 1973, 274 So.2d 6. See also Foster v. State, Fla.App. 1st 1973, 276 So.2d 512.
After analyzing all of the Florida cases on the subject,[12] adhered to with great *454 consistency by our Supreme Court, we think that the imposition of a maximum sentence of fifteen years for breaking and entering with intent to commit a felony precludes the additional imposition of a maximum sentence for the grand larceny shown as proof of felonious intent.[13]
The judgment of conviction for breaking and entering with intent to commit a felony is affirmed, and the cause is remanded for vacation of the additional sentences.
HOBSON, J., concurs.
BOARDMAN, J., concurs in conclusion only.

. Perkins, Criminal Law 276 (2d ed. 1969). See also Bishop, Criminal Law § 687 (1st ed. 1856) and § 1062 (7th ed. 1882).

. 2 Leach 707, 168 Eng.Rep. 455 (Crown 1796).

. Theft Act, 1968, § 9, 8 Halsbury’s Statutes of England 788 (3d ed. 1969).

. See Hearn v. State, Fla.1951, 55 So.2d 559, and cases collected at 28 A.L.R.2d 1179.

. Section 560.110 R.S.Mo.1953, V.A.M.S.; Williford v. Stewart, 1946, 355 Mo. 715, 198 S.W.2d 12; State v. Huff, 1944, 352 Mo. 1161, 181 S.W.2d 513.

. Ashe v. Swenson, 1970, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (Brennan, J., concurring); Ex parte Lange, 1873, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872; Irby v. United States, 1967, 129 U.S.App.D.C. 17, 390 F.2d 432; Davenport v. United States, 1965, 122 U.S.App.D.C. 344, 353 F.2d 882; Whitton v. State, Alas.1970, 479 P.2d 302; Neal v. State, Cal.1960, 55 Cal.2d 11, 9 Cal.Rptr. 607, 357 P.2d 839, cert. denied 365 U.S. 823, 81 S.Ct. 708, 5 L.Ed.2d 700; DeBose v. People, Colo.1971, 488 P.2d 69; People ex rel. Maurer v. Jackson, 1957, 2 N.Y.2d 259, 140 N.E.2d 282; Horack, The Multiple Consequences of a Single Criminal Act, 21 Minn.L.Rev. 805 (1937); Statutory Multiple Punishment and Multiple Prosecution: An Analysis of Minnesota Statute Section 609.035, 50 Minn.L. Rev. 1102 (1966); The Protection from Multiple Trials, 11 Stan.L.Rev. 735 (1959); Twice in Jeopardy, 75 Yale L.J. 262 (1965); Consecutive Sentences in Single Prosecutions: Judicial Multiplication of Statutory Penalties, 67 Yale L.J. 916 (1958) ; Statutory Implementation of Double Jeopardy Clauses: New Life for a Moribund Constitutional Guarantee, 65 Yale L.J. 339 (1956); Case Comment, 43 Notre Dame Law. 1017 (1968).

. Florida Statute § 810.05 (1971), F.S.A.

. Florida Statute § 810.02 (1971), F.S.A.

. Prince v. United States, 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed. 370; Munson v. McClaughry, 8 Cir. 1912, 198 F. 72; Halligan v. Wayne, 9 Cir. 1910, 179 F. 112; Wildman v. State, 1963, 42 Ala.App. 357, 165 So.2d 396, cert. denied 276 Ala. 708, 165 So.2d 403; People v. McFarland, 1962, 58 Cal.2d 748, 26 Cal.Rptr. 473, 376 P.2d 449; Maynes v. People, 1969, 169 Colo. 186, 454 P.2d 797; Newburn v. State, Miss.1967, 205 So.2d 260.

. Mead v. State, Alas.1971, 489 P.2d 738; State v. Hutton, 1960, 87 Ariz. 176, 349 P.2d 187; Williams v. State, 1954, 205 Md. 470, 109 A.2d 89; Rogerson v. Harris, 1947, 111 Utah 330, 178 P.2d 397.

. C.C.W.D.Mo. 1880, 12 F. 461.

. For cases dealing with punishment for multiple convictions of a single transaction see Cone v. State, Fla., Case No. 42,-760, filed March 9, 1973; Norwood v. State, Fla.1956, 86 So.2d 427; Wheeler v. State, Fla.1954, 72 So.2d 364; Williams v. State, Fla.1953, 69 So.2d 766; Young v. State, Fla.1953, 69 So.2d 761; Mixon v. State, Fla.1951, 54 So.2d 190; Washington v. State, 1906, 51 Fla. 137, 40 So.765; Sparks v. State, Fla.App.4th 1972, 256 So.2d 537; Martin v. State, Fla.App. 1st 1971, 251 So.2d 283; Keenan v. State, Fla.App.2d 1971, 253 So.2d 273; Weeks v. State, Fla.App.3d 1971, 253 So.2d 459; Yost v. State, Fla.App.3d 1971, 243 So.2d 469; Easton v. State, Fla.App.2d 1971, 250 So.2d 294; Wyche v. State, Fla.App.2d 1965, 178 So.2d 875; Sharon v. State, Fla.App.3d 1963, 156 So.2d 677; Bullard v. State, Fla.App. 1st 1963, 151 So.2d 343; State v. Schaag, Fla.App. 1st 1959, 115 So.2d 783; Trihue v. State, Fla.App.2d 1958, 106 So.2d 630; Sim *454 mons v. State, 1942, 151 Fla.778, 10 So.2d 436.
For cases involving double jeopardy see Goodwin v. State, 1946, 157 Fla. 751, 26 So.2d 898; Albritton v. State, 1939, 137 Fla. 20, 187 So. 601; Taylor v. State, 1939, 138 Fla. 762, 190 So. 262; Brown v. State, 1938, 135 Fla. 90, 184 So. 777; State v. Conrad, Fla.App. 4th 1971, 243 So.2d 174; Evans v. State, Fla.App.3d 1967, 197 So.2d 323; Wilcox v. State, Fla.App.3d 1966, 183 So.2d 555.

. For a collection of early cases on the subject of cumulative sentences see People ex rel. Tweed v. Liscomb, 1875, 60 N.Y. 559, 19 Am.Rep. 211, and Harris v. Lang, D.C.Cir. 1906, 27 App.D.C. 84, 7 L.R.A.,N.S., 124. In Grill, following the quotation with which we began this opinion, the Court goes on to say, “but where the grades of offences are equal in all the counts, as in the case at bar, the practice is to pass sentence on all the good counts of which the evidence is sufficient to sustain the verdict, if it is warranted by the law applicable to the offence charged in that count, on the presumption that was to them that the verdict of the jury attached.” However, this qualification of the rule seems not to have been mentioned again and has not been followed. For example, the penalties were equal but not cumulatively punishable in Young v. State, Fla.1953, 69 So.2d 761; Williams v. State, Fla.1953, 69 So.2d 766; and Mixon v. State, Fla.1951, 54 So.2d 190.