289 So.2d 479 (1974)
Wilbert MEEKS, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-334.
District Court of Appeal of Florida, Third District.
February 5, 1974.
Phillip A. Hubbart, Public Defender and Steven Rappaport, Asst. Public Defender, and Harris Sperber, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen. and William L. Rogers, Asst. Atty. Gen., for appellee.
Before PEARSON, CARROLL and HENDRY, JJ.
CARROLL, Judge.
The appellant was convicted of assault with intent to commit robbery and assault *480 with intent to commit murder in the first degree, for which two sentences for imprisonment for a period of fifteen years were imposed, to be served consecutively. Appealing therefrom the appellant contends the trial court erred by failing to grant him a mental examination to determine his competency to stand trial; by denying his motion for continuance; and by imposing separate sentences.
The appellant with two companions entered the office of a taxi cab company in South Miami. The appellant and one of the others held hand guns pointed at the man who was on duty there. They asked him where the money was. He informed them there was no money. One of the invaders made a search. No money was found. After repeated statements by the employee that no money was kept at the place, the robbery effort was abandoned and the intruders departed, but before doing so, as a "parting shot," the appellant shot the employee in the face. After the latter fell to the floor the other intruder with a gun fired two shots into him. The victim survived and was able to testify to those facts.
When arraigned appellant pleaded not guilty. No plea or contention of insanity at the time of the commission of the offense was presented. However, on the day of trial the appellant's counsel filed a motion for a mental examination of the defendant to determine his capacity to stand trial, under Rule 3.210 CrPR, 33 F.S.A. The motion submitted the following ground: "* * * that three years prior thereto he had suffered a head injury in a railroad accident and has had recurring headaches since"; that he had used "acid", which "had an effect upon his mental faculties"; that he had "been evaluated by a psychologist in various institutions that he has been incarcerated in"; that two of his brothers had been confined in mental institutions; that he was "stoned" on marijuana at the time of the alleged offenses; and that he "has difficulty understanding the nature of the charges against him and has difficulty in communicating with counsel."
Rule 3.210(a) CrPR provides: "If before or during trial the court, of its own motion, or upon motion of counsel for the defendant, has reasonable grounds to believe that the defendant is insane, the court shall immediately fix a time for a hearing to determine the defendant's mental condition." The rule then provides that the court may appoint disinterested qualified experts to examine the defendant and testify at the hearing as to his mental condition and may receive other evidence relating thereto. Following is a provision for proceeding with the trial if the court decides the defendant is sane, and of commission of the defendant to the proper institution if the court decides the defendant is insane.
A hearing upon the issue is obligatory if a reasonable doubt is raised as to the defendant's sanity. It is so provided in the cited rule, as it was in the statute which preceded the rule, as § 917.01 Florida Statutes, F.S.A. Brock v. State, Fla. 1954, 69 So.2d 344, 346; Fowler v. State, Fla. 1971, 255 So.2d 513. The trial court, upon consideration of the motion after argument thereon, concluded that reasonable grounds to believe the defendant was insane were not shown. Prior to reaching that decision the trial court held two hearings on the matter. A question presented for determination here is whether the grounds of the motion were such that it was error for the trial court to deny the motion.
Made a part of the record by subsequent proceedings in this case is a showing that after the appellant was charged on a subsequently committed offense he applied for and was given such an examination, and that the examining experts reported in that case that in their opinion he was insane and incapable of standing trial.
Without purporting or intending to hold that the grounds set forth in the motion *481 in this case should, where stated in other cases, impel the granting of examination and hearing as provided for under Rule 3.210(a) CrPR, we hold, on consideration of the purposes of the rule, that in the circumstances of this case the examination provided for by the rule should have been granted.
Accordingly, the cause will be remanded to the trial court with direction to proceed as provided for in the cited rule for an examination of the appellant to be followed by an evidentiary hearing to determine, if such can be done, whether the appellant was insane so as to preclude standing trial at the time involved. If the decision of the trial court on that issue is in the affirmative, the judgment and sentences in this case shall be vacated by the trial court and further proceedings taken with reference to the appellant-defendant as provided for in such event by the cited rule. If the decision of the trial court following such examination and hearing is in the negative, that is, that the appellant was not thus insane at the time of the trial, the trial court shall so order, and the judgment and sentences shall stand and remain effective.
The remaining contentions raised by the appellant have been considered in light of the record and briefs and found to be without merit. The denial of the motion for continuance was a matter within the discretion of the court, and no abuse of discretion therein has been shown. The convictions and sentences for the two offenses were proper. The attempted robbery was one transaction. The shooting of the victim after the attempted robbery had failed was a separate crime. Closely in point is Tarpley v. State, Fla.App. 1972, 258 So.2d 301, and see Steele v. Mayo, Fla. 1954, 72 So.2d 386; Kish v. State, Fla. App. 1967, 198 So.2d 639; Green v. State, 134 Fla. 216, 183 So. 728.
For the reasons stated, the judgment and sentences are affirmed, subject to the outcome of certain further proceedings hereinabove directed to be taken in the trial court under Rule 3.210(a) CrPR, for which the cause is hereby remanded. See Fowler v. State, supra, Fla. 1971, 255 So.2d 513, 515-516.
It is so ordered.