352 So.2d 587 (1977)
Israel MAGUEIRA, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-2198.
District Court of Appeal of Florida, Third District.
December 6, 1977.
Lewis M. Williams, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before HUBBART and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Appealing from conviction of burglary, on a non-jury trial, the question presented by the appellant is "Whether the Circuit Court erred in denying defendant's motion for judgment of acquittal after the close of all the testimony".
As pointed out by the State, as appellee, no such motion was made or ruled on at the close of all the evidence. A motion of the defendant for acquittal had been made at the close of the presentation of evidence by the State. That motion was without statement of grounds therefor, as required by Fla.R.Crim.P. 3.380(b). See: G.W.B. v. State, 340 So.2d 969 (Fla. 1st DCA 1977). In absence of an appropriate and timely motion presenting to the court the issue of sufficiency of the evidence, the appellant's argument here as to insufficiency of the evidence is inappropriate. In State v. Barber, 301 So.2d 7, 9 (Fla. 1974) the Supreme Court said:
* * * * * *
"The construction placed upon F.A.R. 6.16 by the district court was erroneous. As we have previously stated in the cases noted above, unless the issue of sufficiency of the evidence to sustain a verdict in a criminal case is first presented to the trial court by way of an appropriate motion, the issue is not reviewable on direct appeal from an adverse judgment. No such appropriate motion having been made in the trial court in this cause, the question of sufficiency of the evidence was not open to appellate review."
* * * * * *
The judgment is affirmed.