355 So.2d 1227 (1978)
Antonio DE LA COVA, and Gary Latham, Appellants,
v.
The STATE of Florida, Appellee.
No. 76-1848.
District Court of Appeal of Florida, Third District.
February 28, 1978.
*1229 Bennett H. Brummer, Public Defender, and Warren S. Schwartz, Asst. Public Defender, for appellants.
Robert L. Shevin, Atty. Gen., and Ronald A. Dion, Asst. Atty. Gen., for appellee.
Before PEARSON, BARKDULL and NATHAN, JJ.
PER CURIAM.
This appeal is brought by Antonio De la Cova and Gary Latham, who were codefendants to an information charging them with (1) conspiracy, (2) unlawfully attempting to discharge a destructive device, (3) attempted second degree arson, (4) unlawfully possessing explosives with intent to harm, (5) possessing an explosive without a license, (6) unlawfully transporting explosives, and (7) unlawful display of a firearm. (Only De la Cova was charged under this seventh count.) During the progress of the trial, codefendant Latham withdrew his plea of not guilty and pleaded nolo contendere. The last point on this appeal which pertains to Latham is the point questioning the validity of the sentence. Both defendants were found guilty by the jury and were sentenced as set out, infra, in the portion of this opinion dealing with the sentences.
The appellants' brief presents four points. The gist of the appellants' argument under point one is that the trial court erred in failing to grant a continuance in mid-trial when the State granted immunity to the witness Miguel Peraza and announced its intention to call him as a witness. The facts upon which the motion for continuance was based are that the defendant De la Cova announced that he would rely on the defense of entrapment and would rely on Peraza, who was an informer for the F.B.I., as the active person in the conspiracy. When the defendant attempted to take Peraza's deposition, Peraza took refuge in his Fifth Amendment privilege because charges were pending against him. Upon application to the court for aid, the trial judge ruled that Peraza would be required to respond to certain deposition questions having to do with his relationship with the F.B.I. and would not be required to respond to questions concerning his participation in the conspiracy and the crimes charged.
On the first day of trial, defense counsel moved for the production of statements of Miguel Peraza that had been revealed at his deposition and made to federal agents. These statements concerned his activities in this case. The State responded that it did not possess the statements made to federal authorities. Thereupon, the court denied defense counsel's motion for their production. On the third day of trial, the State announced that because defendant De la Cova presented an entrapment defense during opening argument, the State had decided to use Peraza as a witness and, therefore, would grant him immunity. Upon motion of counsel for the defendant, the court denied a continuance to De la Cova but required the State to make Peraza available for deposition immediately. The deposition was taken and the statements made to federal authorities were secured and turned over to the defendant. The next day, counsel for defendant again moved for a continuance or a mistrial on the ground that he had not been able to have the testimony for use in cross-examination of the witness. The court denied the motions and the trial proceeded. Upon these facts, defendant claims reversible error, relying on Anderson v. State, 314 So.2d 803 (Fla. 3d DCA 1975); and Richardson v. State, 246 So.2d 771 (Fla. 1971).
*1230 Our review of the record convinces us that appellant's first point does not show reversible error because there is no showing of prejudice. The record does not reveal any particular in which the defendant might have used the statements or the deposition in order to bolster his cross-examination of Peraza or to support his defense of entrapment. The denial of a motion for continuance is a matter within the sound discretion of a trial judge. See Raulerson v. State, 102 So.2d 281 (Fla. 1958); Henderson v. State, 90 So.2d 447 (Fla. 1956); and Kitchen v. State, 89 So.2d 667 (Fla. 1956). And where this motion is made in the midst of a trial, the decision of the trial judge will not be reversed in the absence of a clear showing of an abuse of discretion. See Fla.R.Crim.P. 3.190(g)(3). If the record revealed prejudice to the defendant because of the State's change in tactics, our holding on the denial of a continuance might have been different. Prejudice cannot be presumed simply because the State used a witness known to the defendant after a late grant of immunity. A mistrial was not appropriate because the State did not disobey any rule of procedure or of fundamental fairness. Nevertheless, the situation is fraught with danger to a fair trial and each case must be judged upon its own facts in determining whether the trial judge has abused his discretion in allowing the trial to proceed. Cf. Pope v. State, 84 Fla. 428, 94 So. 865 (1923). In the present instance, the circumstances described did not deprive the defendant of any right or of a fair trial.
Appellant De la Cova's second point urges error in the court's denial of his motion for a directed verdict on count two, which charged an "... attempt to discharge a destructive device, in the vicinity of the structure located at 3458 Southwest 8 Street, with intent to do damage to said property, in violation of 77[7].04 and 790.161(2), Florida Statutes ..." and on count three, which charged an "... attempt to commit a crime, to-wit: ARSON IN THE SECOND DEGREE ..." on the same structure, "... in violation of 77[7].04 and 806.01(2), Florida Statutes ..." If we were to reach these issues, we would hold that ownership of the premises described in the allegations of these statutory crimes is not an element of the respective crimes because the statute eliminates the element.[1]
We hold that this point does not present reversible error because it was not raised in the trial court. A bare bones motion for directed verdict does not raise every possible claimed insufficiency in the evidence. Cf. G.W.B. v. State, 340 So.2d 969 (Fla. 1st DCA 1976). Here, the argument is made for the first time on appeal and ought not be considered unless it amounts to fundamental error. It clearly was not fundamental because the premises were fully described and no prejudice to the defendant could have occurred. The possibility of double jeopardy, as urged by the defendant, does not exist. Cf. Llano v. State, 271 So.2d 34 (Fla. 3d DCA 1972).
The third point urges that count two should have been dismissed upon defendant's motion because it improperly charged the defendant with an attempt to commit the crime described in Section 790.161, Florida Statutes (1975). It is argued that Section 790.161[2] is an attempt statute and that, therefore, the charge of an attempt *1231 under the general attempt statute, Section 777.04, Florida Statutes (1975), was a charge of an attempt to attempt. This argument is not effective because the language of Section 790.161, in referring to attempts, speaks only of "... attempt to discharge ..." The defendant here was charged with an attempt to place or throw a destructive device. No error appears.
The fourth point challenges a part of the sentence. It is argued that the court erred in sentencing the defendants on counts two, three, four, five and six of the information. The defendants were sentenced as follows, with all sentences to run consecutively:

Count Crime De la Cova Latham
I. "... did unlawfully and feloniously 5 years 5 years
 agree, conspire, combine or confederate
 with each other to commit felonies under
 the laws of the State of Florida, to-wit:
 THE PLACING OR DISCHARGING
 OR THE ATTEMPT AT DISCHARGING
 OF ANY DESTRUCTIVE DEVICE,
 ... ARSON, IN THE
 SECOND DEGREE, ... UNLAWFUL
 POSSESSION OF EXPLOSIVES,
 ... and UNLAWFUL
 TRANSPORTATION OF
 EXPLOSIVES ..."
II. "... did unlawfully and feloniously 15 years 15 years
 throw, place, discharge, or attempt
 to discharge a destructive device
 ..." in contravention of Sections
 777.04 and 790.161, Florida Statutes
 (1975).
III. "... did unlawfully, willfully and 5 years 5 years
 maliciously attempt to commit a crime,
 to-wit: ARSON IN THE SECOND
 DEGREE ..." in contravention
 of Sections 777.04 and 806.01, Florida
 Statutes (1975).
IV. "... did unlawfully and feloniously 15 years Nolle
 keep, store, possess or distribute [a] prosequi
 certain explosive, to-wit: DYNAMITE,
 with the intent to harm life, limb
 or property ..." in contravention
 of Section 552.22, Florida
 Statutes (1975)
V. "... did unlawfully, knowingly and 5 years 5 years
 feloniously have in their possession, [a]
 certain explosive, to-wit: DYNAMITE,
 without having a license or permit
 thereof ..." in contravention
 of Sections 552.101 and 552.22, Florida
 Statutes (1975).
VI. "... did unlawfully, knowingly and 5 years 5 years
 feloniously transport [an] explosive,
 to-wit: DYNAMITE ..." in contravention
 of Sections 552.12 and 552.22,
 Florida Statutes (1975).
*1232 VII. "... did unlawfully and feloniously 15 years Not charged
 display, use, threaten or attempt to
 use [a] firearm or carry a concealed
 firearm, to-wit: PISTOL, while
 ... committing a felony ..."
 in contravention of Section 790.07,
 Florida Statutes (1975).

The defendants first urge that the trial court erred in imposing separate sentences on counts two and three because the elements of the crime alleged are identical. It will be noted from the above tabulation that count two charged the attempted placing of a destructive device in violation of Section 790.161, Florida Statutes (1975), and that count three charged attempted arson in violation of Section 806.01, Florida Statutes (1975). The testimony of the State's witnesses proved that De la Cova and Peraza met Latham on the evening of May 5, 1976, at Latham's apartment in Boca Raton, Florida. They went together to Florida Atlantic University where they used a typewriter and then returned to Latham's apartment. Upon leaving the apartment, they picked up defendant Blas Corbo (not an appellant here) on Miami Beach and then proceeded to Miami to the designated structure. De la Cova and Peraza exited the car and went to the front of the store. De la Cova had in his possession an explosive device. As De la Cova bent over to place the device, the defendants were arrested by police who had the building under surveillance. Peraza was allowed to escape by pre-arranged plan.
There can be no doubt that only one action or transaction was proved. The question is whether the same act can, in this case, be said to constitute two separate crimes for which the defendants can be punished by consecutive sentences. We hold that although two separate crimes were committed, the defendants may not be sentenced to consecutive terms for the two crimes where the proofs of the elements of each crime do not differ under the facts presented. In Jenkins v. Wainwright, 322 So.2d 477 (Fla. 1975), in dealing with the sale of separate drug substances, the court held:
"The facts of the instant case show that the petitioner had possession of two separate drug substances, each of which constitutes in and of itself a separate violation of law. If multiple sentences are proper as set forth in Steele v. Mayo [72 So.2d 386], supra, Norwood v. Mayo [74 So.2d 370], supra, and Estevez v. State [313 So.2d 692], supra, they are proper in this instance, and we so hold. We recede from our decision in Foster v. State [286 So.2d 549], supra, to the extent that it conflicts with this opinion.

"We recognize that other states have mandated by statute that multiple or consecutive sentences are not to be imposed for offenses committed as part of a single transaction. E.g., California Penal Code § 654 (West 1970); Illinois Rev. Statute Ch. 38 § 1005-8-4(a) (1973); Minn. Statutes § 609.035 (1974). In the absence of a specific Florida statute, this Court adheres to the view expressed in its prior decisions in Steele v. Mayo, supra; Norwood v. Mayo, supra; and Estevez v. State, supra." [Emphasis added]
The holding in Foster v. State, 286 So.2d 549 (Fla. 1973), from which the Supreme Court specifically receded in part, is as follows:
"We hold, therefore, that in light of the facts and circumstances of the instant case, the trial court erred imposing sentence of fifteen years on petitioner's conviction of breaking and entering with intent to commit a felony, and imposing an additional concurrent sentence of five years on petitioner's conviction of possession of burglary tools. In a case such as this, only one sentence may be imposed, and that sentence, obviously, cannot exceed that which could be imposed solely *1233 upon conviction for the highest offense contained within the transaction. We therefore must reverse the First District on this point."
The holding in Estevez v. State, 313 So.2d 692 (Fla. 1975); Norwood v. Mayo, 74 So.2d 370 (Fla. 1954); and Steele v. Mayo, 72 So.2d 386 (Fla. 1954); support the principle that multiple sentences are proper where there are two or more separate offenses growing out of the same criminal transaction.
We conclude that the "same transaction rule" has partial validity in Florida and that it still retains sufficient vitality to prohibit double punishment for the same series of acts where those acts, although constituting two crimes, have every element of proof of each of the two crimes in common.[3]
It is next urged that the trial court erred in sentencing the defendants for the separate crimes of possession of explosives without a license and unlawful transportation of explosives. It is well settled that two divisible criminal acts have transpired when the defendant is in possession of a firearm when committing a burglary or when a victim is shot after an attempted robbery. See Yates v. State, 317 So.2d 462 (Fla. 1st DCA 1975); and Meeks v. State, 289 So.2d 479 (Fla. 3d DCA 1974). It is clear, therefore, that these defendants violated two separate statutes. The evidence shows that the explosives were in the possession of the defendants at the Boca Raton apartment and that they were transported to Miami. Therefore, they possessed the explosives prior to their transportation. The elements of the two crimes are distinct and each is made punishable by statute. Therefore, upon authority of Jenkins v. Wainwright, 322 So.2d 477 (Fla. 1975), we hold that no error appears upon the separate sentences for these two crimes.
Appellant De la Cova, as his last point, urges that the trial judge erred in sentencing him upon count four of the information because count four fails to allege a crime distinct from the crimes alleged in five and six of the information. By way of recapitulation, count four alleged that De la Cova possessed or distributed dynamite with "intent to harm life, limb or property." The information recites that the act was done in violation of "552.22, Florida Statutes (1975)." Count five was for the possession of dynamite "without having a license." Count six was for the transportation of dynamite. It is argued that no substantive provision of Section 552.22 makes it a crime to possess dynamite with intent to harm. The difficulty is that the section provides two separate penalties.[4] First, possession with intent to harm is a second degree felony. Second, possession, or any other violation of the chapter, is a third degree felony. De la Cova was found guilty of both (count four and count five).
We think that the only reasonable reading of the statute is that there is but one crime, although two authorized punishments  one for possession with intent to harm and the other for simple unlawful possession. This court has pointed out that unlawful possession alone raises a presumption of possession with intent to harm. See *1234 Henry v. State, 344 So.2d 1311 (Fla. 3d DCA 1977). It is clear that this is a rebuttable presumption. Nevertheless, because there is only one crime, there can be only one sentence. Because, in this case, the evidence amply supports a finding of intent to harm property, the sentence on count four will stand but the sentence for unlawful possession without intent (count five) cannot.
Having considered each of the points presented, and finding no error in the judgments, we affirm the judgments as to defendant De la Cova and defendant Latham. It appearing as set forth above that the trial court erroneously sentenced each defendant to consecutive sentences on counts two and three, and it appearing that in such cases only one sentence may be imposed, which cannot exceed the sentence that could be imposed solely upon conviction for the highest offense contained in the transaction, accordingly, we reverse the sentence on count three, which is five years for each defendant for attempted arson in the second degree. It further appearing that the trial court erroneously sentenced De la Cova on count four and count five, we reverse the sentence of defendant De la Cova on count five, which is five years.
The judgments are affirmed and the sentences are amended by striking therefrom the sentences on count three of the information, and the sentence of defendant De la Cova on count five. The sentences as amended are affirmed.
Judgments affirmed; sentences amended.
NOTES
[1] Llano v. State, 271 So.2d 34 (Fla. 3d DCA 1972), decided under a prior statute and relied upon by the appellant, does not hold to the contrary but holds ownership was adequately established to withstand possible double jeopardy.
[2] Section 790.161, Florida Statutes (1975), states:

"Throwing, placing or discharging any destructive device or attempt so to do, felony; penalties. 
It is unlawful for any person to throw, place, discharge, or attempt to discharge any destructive device, as defined herein, with intent to do bodily harm to any person or with intent to do damage to property, and any person convicted thereof shall be guilty of a felony and punished in the following manner: (1) When such action, or attempt at such action, results in the death of another person, the person so convicted shall be guilty of a life felony, punishable as provided in § 775.082.
(2) When such action, or attempt at such action, results not in the death of any person, but does result in personal injury to a person or in damage to property, the person so convicted shall be guilty of a felony of the first degree, punishable as provided in § 775.082, § 775.083, or § 775.084. A sentence not exceeding life imprisonment is specifically authorized when great bodily harm to another or serious disruption of governmental operations results."
[3] We note the enactment, after this sentence was imposed, of § 775.021(4), Fla. Stat. (Supp. 1976), which prohibits sentencing for multiple offenses when one or more offenses are included offenses.
[4] Penalties.  Any person who manufactures, purchases, keeps, stores, possesses, distributes, or uses any explosive with the intent to harm life, limb or property, shall be guilty of a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084. Any person who shall in an application for a license or permit as herein provided, knowingly make a false statement, or who shall obtain explosives under a false statement, pretense or identification, or who shall knowingly otherwise violate any provisions of this chapter, or regulation promulgated pursuant to this chapter, shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084. Possession of explosives under circumstances contrary to the provisions of this chapter or such regulations shall be prima facie evidence of an intent to use the same for destruction of life, limb or property. Conviction under this section of any person holding a license or permit shall effect cancellation thereof."