374 So.2d 59 (1979)
Carlton O. DALEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1648.
District Court of Appeal of Florida, Third District.
July 24, 1979.
Rehearing Denied September 5, 1979.
John H. Lipinski, Miami, for appellant.
Jim Smith, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and HUBBART, JJ.
PER CURIAM.
The defendant Carlton O. Daley appeals from separate convictions and sentences for first degree murder and robbery entered against him in the Circuit Court for the Eleventh Judicial Circuit of Florida. He contends on appeal that (1) the trial court erred in denying his motion for judgment of acquittal in that the evidence at trial failed to establish beyond and to the exclusion of every reasonable doubt that he was the perpetrator of the crimes for which he was convicted, (2) reversible error resulted from a comment by a state's witness which allegedly constituted a comment on the defendant's failure to testify at trial, and (3) the trial court erred in excessively limiting the cross-examination of an important state's witness. We reject these contentions and affirm.
It is clear from the record that the defendant in moving for judgment of acquittal at trial made no contention that the evidence was insufficient to establish his identity as the perpetrator of the crimes for which he was charged. As such, he has waived this contention for appellate review. DeLaCova v. State, 355 So.2d 1227, 1230 (Fla. 3d DCA 1978); Magueira v. State, 352 So.2d 587 (Fla. 3d DCA 1977); G.W.B. v. State, 340 So.2d 969 (Fla. 1st DCA 1977). Moreover, our independent review of the record indicates that the evidence, although conflicting, was sufficient to send this case to the jury. Byrd v. State, 297 So.2d 22, 25 *60 (Fla. 1974); Lynch v. State, 293 So.2d 44 (Fla. 1974); Wetherington v. State, 263 So.2d 294 (Fla. 3d DCA 1972).
It is equally clear from the record that the defendant neither objected to nor moved for a mistrial based on the testimony given by a state's witness at trial which it is now contended constitutes a comment on the defendant's failure to testify. As such, the defendant has waived any objections concerning the admissibility of such testimony for appellate review. Clark v. State, 363 So.2d 331 (Fla. 1978). Finally, we find no improper limitation of the defendant's cross-examination of any of the state's witnesses. Baisden v. State, 203 So.2d 194 (Fla. 4th DCA 1967).
Affirmed.