BASKIN, Judge.
We are asked to review in consolidated appeals defendant’s conviction for vehicular homicide under Section 782.071, Florida Statutes (1977), and the revocation of his probation resulting in concurrent sentences of imprisonment.
Defendant Savoia was charged with killing his wife by operating a motor vehicle in a reckless manner likely to cause her death. She was killed when he drove his jeep off the roadway and struck a parked truck. We have jurisdiction to entertain both appeals.[1]
Defendant first proceeded to hearing on the probation violation affidavit. After he was found guilty, defendant agreed to the use of the testimony taken at the probation violation proceeding at his non-jury trial for the substantive offense. He was again convicted and sentenced to concurrent four year terms of imprisonment. We affirm.
The issue to be decided is whether defendant’s conduct was merely negligent and not so reckless as to sustain a finding of guilt for vehicular homicide.
On the night in question, defendant went to a pub, shot pool, and drank some beer. At midnight, accompanied by a friend, James McBeth, he went to meet his wife, Donna, at the airport. On the way, Mr. McBeth purchased a six-pack of beer. Defendant picked up his wife, and they drove in his jeep along the south extension of the Florida turnpike. A witness, Major Kilroy, had noticed the defendant and his wife at the airport. He was on his way home from the airport when defendant and his wife sped past him in their jeep. At that time, the road was slightly wet from a recent rain. The major was able to see a truck parked completely off the road on the shoulder. There were overhead lights. The defendant passed the major, and without hitting his brakes (no brake lights went on), drove the jeep into the back of the parked truck, moving the truck about 200 feet. He later stated he had been cleaning his windshield. The trooper, who investigated the accident, testified that he smelled alcohol on defendant’s breath and saw a beer can in his hand. The speedometer was stopped at 90 miles per hour.
Defense counsel failed to present a motion for judgment of acquittal during the trial for vehicular homicide. Magueira v. State, 352 So.2d 587 (Fla. 3d DCA 1977). Nevertheless, his appeal challenges the sufficiency of the evidence. We have reviewed the record and the parties’ stipulation that the court base its decision as to defendant’s guilt or innocence upon the testimony taken in the probation violation proceeding. Implicit in that agreement was an understanding that the sufficiency of the evidence would be the subject of an appeal. We will, therefore, treat the issue as though it had been preserved by motion.
An examination of the evidence discloses that defendant had been drinking and driving his car at excessive speeds on a wet road. The legislature has enacted a statute to punish as a third-degree felony reckless driving which results in the killing of a human being. When the degree of negligence falls short of culpable negligence but is more than mere failure to use ordinary care, the offense becomes vehicular homicide. McCreary v. State, 371 So.2d 1024 (Fla.1979). Here, the evidence reveals that defendant Savoia killed another human being by the operation of a motor vehicle in “a reckless manner likely to cause the death of, or great bodily harm to, another.” § 782.071, Fla.Stat. (1977).
*296 For these reasons, the conviction and the probation revocation are affirmed.

. The state’s challenge to the timeliness of the probation violation appeal is without merit. The supplementary record discloses that defendant’s appeal from the probation violation conviction was filed within 30 days after the trial court re-sentenced defendant Savoia.