PER CURIAM.
The findings of delinquency which are under review by this appeal are affirmed upon a holding that: (1) the appellant has failed to attack the finding of delinquency on the petit larceny count entered below, and, indeed, concedes in his brief that this finding should be affirmed; and (2) the appellant has failed to preserve for appellate review the sole ground which he now urges in attacking the sufficiency of the evidence to support the finding of delinquency on the burglary count entered below because: (a) this ground was admittedly never raised in appellant’s oral motions for judgment of acquittal made at trial; and (b) this ground, contrary to appellant’s contention, was never raised in appellant’s oral motion to vacate [see Fla.R.Juv.P. 8.230] made subsequent to trial as said motion merely raised a conclusory and vague collage of grounds, essentially relating to the constitutionality of the burglary statute, and referred only slightly and in a confused manner to the failure of the state to prove the burglary element of entering or remaining in the subject vehicle [which, in any event, is quite different from the contention now raised on appeal, based on State v. Hankins, 376 So.2d 285 (Fla. 5th DCA 1979), that the state failed to establish the burglary element of an intent to commit an offense therein]. Daley v. State, 374 So.2d 59 (Fla. 3d DCA 1979); Magueira v. State, 352 So.2d 587 (Fla. 3d DCA 1977); G. W. B. v. State, 340 So.2d 969 (Fla. 1st DCA), cert. denied, 348 So.2d 948 (Fla.1977).
Affirmed.