400 So.2d 562 (1981)
Guillermo ESTRADA, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1368.
District Court of Appeal of Florida, Third District.
July 7, 1981.
Bennett H. Brummer, Public Defender and Charlene Carres, Sp. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Steven R. Jacob, Asst. Atty. Gen., for appellee.
*563 Before HUBBART, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
PER CURIAM.
The judgment of conviction and sentence for aggravated assault [entered upon a jury verdict of guilt as a lesser offense on an information charging robbery with a firearm] which is under review by this appeal is affirmed upon a holding that:
(1) the sole point raised on appeal [i.e., the state's evidence was insufficient to establish that the defendant intended to participate in the subject aggravated assault as an aider and abetter] was not properly preserved for appellate review because: (1) no motion for judgment of acquittal was made below [at best only an argument in support of such a motion at the close of the state's case], and no motion for new trial was made below; State v. Barber, 301 So.2d 7 (Fla. 1974); Mancini v. State, 273 So.2d 371 (Fla. 1973); Sundell v. State, 354 So.2d 409 (Fla. 3d DCA 1978); and (b) the argument on sufficiency made below at the close of the state's case  even if treated as a motion for judgment of acquittal  consisted solely of an attack on the identification of the defendant and was in no way related to the criminal intent  aiding and abetting ground now asserted for the first time on appeal, Daley v. State, 374 So.2d 59 (Fla. 3d DCA 1979); G.W.B. v. State, 340 So.2d 969 (Fla. 1st DCA 1976), cert. denied, 348 So.2d 948 (Fla. 1977);
(2) the state's circumstantial evidence relevant to the defendant's intent to participate in the subject aggravated assault as an aider and abetter was, in any event, sufficient to withstand a motion for judgment of acquittal as it established that the defendant: (a) was the driver of the get-away car in a gas station holdup; (b) drove the said car into the gas station prior to the holdup and hid the car behind a wall on the gas station property so that the car could not be seen from the street or from inside the building on the gas station property; (c) waited while his two companions in the car got out and committed a robbery with a firearm upon the attendant at the gas station; and, (d) hastily fled the scene in the car with his two companions after the robbery was committed, and was caught shortly thereafter with the fruits and instrumentalities of the robbery plainly visible to all in the car, see e.g., Lynch v. State, 293 So.2d 44 (Fla. 1974); Amato v. State, 296 So.2d 609, 610 (Fla. 3d DCA 1974).
Affirmed.