PER CURIAM.
Brown’s contention on appeal that the State’s failure to adduce evidence showing the value of the property to be $100 or more precludes his conviction for grand theft in the second degree, see § 812.014, Fla.Stat. (1981), and requires a reduction of the crime to petit theft, is not preserved for appellate review in light of the fact that Brown’s motion for judgment of acquittal was exclusively based on the insufficiency of the evidence identifying the defendant as the perpetrator of the crime. See State v. Barber, 301 So.2d 7 (Fla.1974); Estrada v. State, 400 So.2d 562 (Fla. 3d DCA 1981); V.J.T. v. State, 390 So.2d 1212 (Fla. 3d DCA 1980); Daley v. State, 374 So.2d 59 (Fla. 3d DCA 1979); De La Cova v. State, 355 So.2d 1227 (Fla. 3d DCA 1978); Magueira v. State, 352 So.2d 587 (Fla. 3d DCA 1977). Brown’s other contention that neither the out-of-court nor in-court identification of him should have been admitted because the out-of-court identification was so impermis-sibly suggestive as to taint the in-court identification, even if arguably preserved for review, is without merit.
Affirmed.