ROGER J. WAYBRIGHT, Associate Judge.
The appellant was convicted under all)' nine counts of an indictment charging him,, as an agent of the state beverage department, with accepting bribes, conspiring to-accept bribes, and conspiring for others to. give bribes.
The appellant contends that the-state, in presenting its case in chief against him, did not present evidence sufficient positively to identify him. There may be some merit to that contention with respect to some of the counts of the indictment, but it is not necessary to reach a definite conclusion on the point, for the appellant no-longer has a posture from which he may so contend successfully, if he ever had. At the conclusion of the state’s case he-moved for a directed verdict “on the ground[1] that the evidence is insufficient to warrant a conviction as to each count.” After denial of that motion, evidence was presented' that did identify the appellant sufficiently-to justify the jury in finding him guilty..
The appellant contends that the evidence presented after denial of his motion for directed verdict cannot be considered on. this appeal. This court did not so hold in. Wiggins v. State;[1] this court there held’ merely that failure of a defendant to renew-a motion for directed verdict at the conclusion of all the evidence does not preclude-the defendant from assigning on appeal a claim of error addressed to the denial of the motion made at the conclusion of the-state’s case. That did not constitute a holding that evidence thereafter introduced may not be considered; that such later evidence-may he considered has been held with respect to proof of venue,[2] and no reason is; *345 perceived why proof of identity should differ in that respect from proof of venue.
Under the whole evidence in this' case the identity of the appellant was sufficiently established, if it was not sufficiently established with respect to some •counts by the state’s case alone. Conse■quently, if any error was committed in ■denying the appellant’s “shotgun” motion for directed verdict at the close of the .state’s case, with respect to some counts, it was “harmless error that did not injuriously affect the substantial rights of the appellant.”
The appellant also complains that he was found guilty under separate counts of the indictment that charged him with engaging in the same conspiracy. Counts II and III of the indictment charged the appellant with engaging in essentially the same conspiracy; counts V and VI charged him with engaging in another conspiracy, that was essentially the same conspiracy in each of those two counts; and counts VIII and IX charged him with engaging in still another conspiracy, that was essentially the same conspiracy in each of those two counts.
The jury found the appellant guilty upon every count of the indictment, “thereby determining that defendant committed the offense in every manner charged,” and the court did not err in entering judgment of guilt accordingly.[3]
Because no appeal was taken from the sentence, it is perhaps not necessary to mention the point, but in the interest of preserving intact an important principle we note that the trial court sentenced the appellant to “a term of three (3) years on Count No. 1, three (3) years on Counts 4 and 7 to run concurrently with Count No. 1. One (1) year on Counts 2, 3, 5, 6, 8 and 9 to run concurrently with Counts 1, 4, and 7.”
That sentence was erroneous, insofar as punishment was imposed with respect to each count of the three sets of paired counts referred to, for in the three pairs of counts each pair charged “different aspects of the same criminal transaction”, “variations of only one offense”, “two facets of one transaction”, so that sentence should have been imposed with respect to only one count of each pair.[4]
If an appeal had been taken from the sentence as well as the judgment, the practical effect of vacating the sentence imposed with respect to one count of each pair would be nil, for it would result only in imposing a one-year sentence on three counts instead of six counts, to irun concurrently with other and longer sentences. The appellant would still be sentenced to serve a maximum of three years. Undoubtedly, that practical consideration motivated the appellant not to appeal from the sentence as such.
Even though this court is not called upon to reverse and remand the case for the vacation of the sentence with respect to count II or III, count V or VI, and count VIII or IX, the principle involved is deemed important enough to be preserved by this mention, for without continued recognition of this proposition, in a similar case a court might impose a sentence on each count and direct the sentences to be served consecutively rather than concurrently, thus inflicting greater punishment than is authorized by the statutes involved.
The many other points raised by the appellant, relating mainly to the refusal of the trial court to allow certain proffered testimony into evidence, are found to be without merit. Particularly without merit is the appellant’s contention that he did not *346 rest his case when he announced that "the defendant Bullard has no further witnesses to offer at this time”, so that he was entitled to come back for another rount later without technically re-opening his case. The trial court properly restricted the appellant to an orderly presentation of material evidence. The appellant cites as “too restrictive” practically every effort of the able trial judge to enforce orderly procedure, yet also complains that the trial judge failed to do other things of the court’s own motion.
It is apparent that the appellant was fairly tried. The trial court is affirmed.
STURGIS, Acting C. J., and WIGGIN-TON, J., concur.

. 101 So.2d 833 (D.C.A.1, Fla., 1958).

. Roberts v. State, 154 Fla. 36, 16 So.2d 435 (S.C.Fla., 1944).

. Bueno v. State, 40 Fla. 160, 23 So. 862, 864 (S.C.Fla., 1898).

. Simmons v. State, 151 Fla. 778, 10 So. 2d 436, 439 (S.C.Fla., 1942); Williams v. State, 69 So.2d 766, 767 (S.C.Fla., 1953); Norwood v. State, 86 So.2d 427 (S.C.Fla., 1956); State v. Schaag, 115 So.2d 783, 786 (D.C.A.1, Fla., 1959).