393 So.2d 635 (1981)
Keith O'Brian PONSELL, Appellant,
v.
STATE of Florida, Appellee.
No. 78-2683.
District Court of Appeal of Florida, Fourth District.
February 11, 1981.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
*636 Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant seeks review of a judgment adjudicating him guilty of the crime of burglary and a sentence of two years imprisonment. The issue on appeal is the adequacy of the evidence to prove the defendant's guilt.
At approximately 3:30 a.m. the Greenacres Police Department received a telephone call from a security alarm company reporting that an alarm had sounded at the Atlantis Skateway. The Greenacres police as well as several deputy sheriffs responded. Upon arrival Deputy Williams observed a person running from the north side of the building into a densely wooded area behind the Skateway building. Deputy Williams pursued this person and, although she heard movement in the wooded area, she did not apprehend the subject. Shortly thereafter Deputy Sheriff Stuckert arrived and, after being informed of Deputy Williams' observations, he entered the woods with a trained police dog. He came upon a white male, 18 to 20 years of age, lying on the ground motionless. When ordered to arise the subject jumped up and ran. While chasing the subject the dog became entangled in the underbrush and consequently the subject disappeared.
Later, in searching the area, the police discovered an unoccupied automobile on a dirt road; the car had saliva marks on it thought to be those of the police dog. The vehicle was staked out and in approximately one hour a white male cautiously approached the vehicle. An officer confronted him and placed him in a police cruiser under arrest.
At trial Deputy Williams testified that the person she observed running from the Skateway building into the woods was not the appellant. She further testified that, while pursing the subject, she heard movements in the woods emanating from what appeared to be two distinct locations. It should be remembered that Deputy Stuckert's first information upon arrival at the scene was garnered from Deputy Williams. According to Stuckert's testimony the individual he confronted in the woods was wearing only a pair of blue jean cutoffs, while Williams testified the subject she saw fleeing from the Skateway was attired in a blue shirt and white pants. Although Stuckert testified that the person in the police car on the night in question was appellant, he could not swear that the individual in the police car was the same person he had earlier encountered in the woods. In fact, Stuckert testified he never saw the face of the person in the woods.
In addition to the foregoing, the State adduced evidence which showed that unauthorized entry into the Skateway building had been accomplished with a sledge hammer, knocking a large hole in a concrete block wall. Pinball machines inside had been tampered with but no latent finger prints were obtained; only fabric prints were found. The subject, whom Stuckert encountered in the woods, had socks covering his hands. A crime scene investigator testified at trial that, while these socks could have made the fabric imprints lifted from the premises, there was no way to test with accuracy whether these particular socks were indeed the origin of the prints.
At the close of the state's case, the appellant moved for a judgment of acquittal on the grounds that the state had failed to prove a necessary element of the charged offense, identity, and therefore the evidence was insufficient for a finding of guilt. The motion was denied and thereafter the appellant took the stand and told an incredible story accounting for his presence in the area.
It is an elementary but fundamental principle of criminal law that the prosecution, in presenting a prima facie case, must establish beyond a reasonable doubt, the identity of the accused as perpetrator of the charged offense. See cases cited at 1 Wharton's Criminal Evidence, § 16, note 64 (13th ed.). Where the state fails to meet its burden of proving each and every necessary *637 element of the offense charged beyond a reasonable doubt the case should not be submitted to the jury and a judgment of acquittal should be granted. Weinshenker v. State, 223 So.2d 561 (Fla. 3rd DCA 1969), cert. denied 396 U.S. 973, 90 S.Ct. 462, 24 L.Ed.2d 441 (1969).
After an exhaustive review of the transcript, we conclude that the appellant was entitled to a judgment of acquittal at the conclusion of the state's case. It appears to us that the state failed to present sufficient evidence to identify the accused as the perpetrator of the crime.
Accordingly, the appellant's conviction is reversed and the cause is remanded with directions to discharge the appellant.
REVERSED AND REMANDED, with directions to discharge.
LETTS, C.J., and ANSTEAD, J., concur.