421 So.2d 826 (1982)
Richard A. WAGNER, Appellant,
v.
STATE of Florida, Appellee.
No. AI-108.
District Court of Appeal of Florida, First District.
November 17, 1982.
Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellant Wagner has asserted that it was error to deny his motion for judgment of acquittal made at the close of the State's case because the circumstantial evidence was insufficient to sustain his convictions of burglary of a dwelling and petit theft. We agree and reverse.
Upon returning from a vacation, the victim, Willcox, discovered that someone had broken into his mobile home. He went next door to ask the neighbors, Wagner, Wagner's parents and sister, if they had noticed any strange activity. Wagner was not home at the time. When Willcox listed the missing items for Wagner's parents and sister, they retrieved some of the items from various rooms of their mobile home. Wagner was charged with burglary of a dwelling and grand theft.
*827 At a jury trial, Willcox testified that among other things he was missing a halfgallon of Bacardi Rum and two bottles of baby oil. Wagner's fingerprints were on a rum bottle and baby oil bottles, but there was insufficient evidence to establish these items as the items taken from the Willcox home. At the close of the State's case, Wagner moved for a judgment of acquittal, which was denied. After presenting his defense, Wagner renewed his motion for judgment of acquittal. Wagner was convicted of burglary of a dwelling and petit theft and sentenced to ten years, with suspended sentence after six years served.
Initially, we note that it is clear under the appropriate rule that Wagner did not waive his motion for judgment of acquittal by the introduction of evidence in his defense. Fla.R.Crim.P. 3.380. The State may not rely upon evidence presented during Wagner's subsequent defense to supply essential missing links in the State's prima facie case to support the denial of the motion for judgment of acquittal. Therefore, we will not consider the evidence presented in the appellant's defense.
We have determined that the State's circumstantial evidence was insufficient to exclude all reasonable hypotheses of innocence. Therefore, it was error to deny the motion for judgment of acquittal. Harrison v. State, 104 So.2d 391 (Fla. 1st DCA 1958). In its presentation, the State has shown that Willcox's mobile home was broken into, items had been removed, some of the items were recovered from the home where Wagner, his parents and sister lived and Wagner's fingerprints were on rum and baby oil bottles. There was no evidence placing Wagner in the burglarized structure and there was insufficient evidence to establish the rum and baby oil bottles as items taken from Willcox's home. Assuming it had been established that the bottles bearing Wagner's fingerprints were the ones taken from the Willcox home, there would still be insufficient evidence to convict Wagner as his fingerprints could logically be found on items found in his place of residence where three other persons lived. The only evidence linking Wagner to the burglary was that the items were recovered from the mobile home in which he, his parents and sister lived. This is clearly insufficient to sustain the convictions. See, Walton v. State, 404 So.2d 776 (Fla. 1st DCA 1981), petition for review denied, 412 So.2d 471 (Fla. 1982).
Accordingly, the Order of Judgment and Sentence appealed is REVERSED and the case is REMANDED for entry of a judgment of acquittal.
THOMPSON, J., concurs.
LARRY G. SMITH, J., specially concurring with opinion.
LARRY G. SMITH, Judge, specially concurring.
I concur in the majority's reversal of the conviction. However, I do not concur in that portion of the opinion dealing with the effect of Wagner's testimony, during the defense portion of the trial, supplying factual details bolstering the state's case in chief. Specifically, the effect of Rule 3.380, Florida Rules of Criminal Procedure, and its connection with and relation to the so-called "waiver doctrine" have not been adequately briefed or argued in this proceeding, nor sufficiently addressed in the opinion. Certain Florida cases are cited by appellant in opposition to the state's "bootstrap" argument, e.g., Adams v. State, 102 So.2d 47 (Fla. 1st DCA 1958); Harrison v. State, 104 So.2d 391 (Fla. 1st DCA 1958); Weinshenker v. State, 223 So.2d 561 (Fla. 3rd DCA 1969); Ponsell v. State, 393 So.2d 635 (Fla. 4th DCA 1981). However, these cases do not touch upon the exact point at issue. Greene v. State, 375 So.2d 55 (Fla. 4th DCA 1979), cert. den. 388 So.2d 1118 (Fla. 1980), treats the issue only in a specially concurring opinion of one judge. Most jurisdictions, including the Federal courts, have consistently followed the waiver rule, although it cannot be applied in every case. Cephus v. United States, 324 F.2d 893 (D.C. Cir.1963). See, also, United States v. White, 611 F.2d 531 (5th Cir.1980); Harris v. State, 285 F.2d 85 (5th Cir.1960); and *828 T'Kach v. United States, 242 F.2d 937 (5th Cir.1957).