WALDEN, Judge.
Taylor was convicted of burglary of a dwelling. He appeals. We reverse because of a failure of proof.
A witness testified that Taylor, whom he recognized, was observed carrying a television set down an alley, some fifty (50) to sixty (60) feet away. At the same time the witness noticed that the back door of the victim’s house was open.
Upon notification at work, the victim traveled to his home and discovered that his television set was missing.
There was no testimony that the television set being transported down the alley belonged to the victim. There was no testimony or evidence that Taylor entered or exited from the victim’s house.
In order to prove the offense of burglary, Section 810.02(1), Florida Statutes (1981), the State must introduce evidence as to each of the following elements: 1) that the Defendant entered a structure owned or in possession of another person, 2) that the Defendant did not have the permission or consent of that other person, or anyone authorized to act for him, to enter the structure at the time, and 3) at the time of entering the structure Defendant had a fully formed conscious intent to commit the offense of theft in that structure.
Here the State failed to introduce any evidence that Taylor had entered the structure. Further, the State failed to introduce evidence of any intent to commit theft. There was no evidence introduced to even show that the television set which Taylor is alleged to have had is the television set that was in the dwelling. When the State fails to meet its burden of proving each and every necessary element of the offense charged beyond a reasonable doubt, the case should not be submitted to the jury and a judgment of acquittal should be granted. Ponsell v. State, 393 So.2d 635 (Fla. 4th DCA 1981). In the present instance, the State has failed to meet its burden of proving several essential elements of the offense of burglary of a dwelling.
We reverse and remand with instructions to discharge the Appellant. See McArthur v. Nourse, 358 So.2d 132 (Fla.1978), cert. granted, 438 U.S. 902, 98 S.Ct. 3119, 57 L.Ed.2d 1145 (1978), on remand, 369 So.2d 578 (Fla.1979).
REVERSED AND REMANDED.
GLICKSTEIN, J., concurs.
ANSTEAD, C.J., dissents with opinion.