488 So.2d 661 (1986)
Edward Alvin RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1803.
District Court of Appeal of Florida, Fourth District.
May 21, 1986.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Penny H. Brill, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
A jury found appellant guilty of trafficking in cocaine, delivery of cocaine and possession of marijuana. He raises four points on appeal.
Appellant claims the trial court should have granted a mistrial because a police officer improperly commented during his testimony on appellant's right to remain silent. We have reviewed the police officer's testimony and conclude that the trial court did not err when it denied appellant's motion for a mistrial. The officer's testimony was equivocal at worst, and when taken in context we conclude that it was not fairly susceptible of interpretation by the jury as a comment on the defendant's right to remain silent. We also conclude *662 that the state has demonstrated that the comment was harmless beyond a reasonable doubt. The Supreme Court of Florida in State v. Marshall, 476 So.2d 150 (Fla. 1985) held that the harmless error rule may be applied to comments on a defendant's right to remain silent:
We now adopt the harmless error rule. Any comment on, or which is fairly susceptible of being interpreted as referring to, a defendant's failure to testify is error and is strongly discouraged. Such a comment, however, should be evaluated according to the harmless error rule, with the state having the burden of showing the comment to have been harmless beyond a reasonable doubt. Only if the state fails to carry this burden should an appellate court reverse an otherwise valid conviction.
Id. at 153.
Appellant next argues that the trial court should have granted his motion for judgment of acquittal of the charge of possession of marijuana. He contends that the state had no direct evidence linking him to the drug until he admitted during the presentation of his defense that he owned the bags of marijuana. He relies on Wagner v. State, 421 So.2d 826 (Fla. 1st DCA 1982). In Wagner the court stated:
The State may not rely upon evidence presented during Wagner's subsequent defense to supply essential missing links in the State's prima facie case to support the denial of the motion for judgment of acquittal. Therefore, we will not consider the evidence presented in the appellant's defense.
Id. at 827.
We conclude from our review of the record that the state did not present any independent proof that appellant had either actual or constructive possession of the marijuana for which he was charged. In the absence of such evidence, the trial court erred by refusing to grant the motion for judgment of acquittal which appellant made at the close of the state's case. Wagner v. State, supra. See also, Greene v. State, 375 So.2d 55 (Fla. 4th DCA 1979). We find no merit in the state's contention that appellant failed to preserve the foregoing argument for appellate review.
Appellant also contends that the trial court erred when it denied his requested instruction that mere proximity to contraband without more is legally insufficient to prove possession. We find no error since the standard instructions given by the trial court adequately informed the jury of the applicable law. Driver v. State, 46 So.2d 718 (Fla. 1950).
The state agrees that the trial court erred when it imposed a three-year mandatory minimum sentence under Count II, delivery of cocaine.
Therefore we affirm appellant's conviction of trafficking in cocaine and delivery of cocaine, and the sentences imposed thereon, with the exception that we remand this cause to the trial court to strike the mandatory minimum sentence imposed under Count II, delivery of cocaine. We reverse appellant's conviction and sentence for possession of marijuana.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
HERSEY, C.J., and ANSTEAD, J., concur.