526 So.2d 87 (1987)
Ralph PENNINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-1330.
District Court of Appeal of Florida, Fourth District.
October 14, 1987.
*88 Michael J. Wrubel of the Law Offices of Michael J. Wrubel, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Michael W. Baker, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
A jury convicted appellant of trafficking in cocaine and conspiracy to traffic in cocaine. At the conclusion of the state's case, appellant moved for judgment of acquittal on both counts. Appellant contends that the trial court erred when it denied his motion. Appellant also contends that the trial court erred when it denied his motion for a severance. We agree with appellant's first point on appeal and reverse. Therefore we do not need to address appellant's second point on appeal.
The state charged appellant, Gary Steffey, Peter Voto, and Jewel May Daophin with trafficking in cocaine and conspiracy to traffic in cocaine in excess of four hundred grams. The four defendants were tried in a joint trial. It became apparent, during counsel for Steffey's opening statement, that Steffey intended to rely on an entrapment defense. The trial court denied appellant's motion for a severance.
The state established the following facts during its case. A detective with the Hollywood Police Department made contact with a confidential informant who indicated he knew a person who could sell a large quantity of cocaine. The confidential informant introduced the detective to Steffey for the purpose of setting up a cocaine purchase. The detective discussed the purchase with the confidential informant and Steffey on several occasions. Appellant did not participate in any of those discussions. The detective's only contact with appellant occurred at the supermarket parking lot where the drug transaction took place.
The detective met Steffey in the parking lot. Defendant Voto was standing near a Dodge automobile. The detective could not identify another individual who was seated in the driver's seat. After a discussion between Steffey and Voto the automobile left the parking lot with Voto and the other individual. The automobile returned a short time later and Steffey again walked over to it. It left again. When it returned the second time, appellant got out of the driver's seat. Appellant told the detective, "It's in the white car (a Buick) over there." Appellant left and returned to the Dodge while the detective and Steffey approached the Buick. Defendant Daophin was sitting inside the Buick with a pink pillowcase containing a large quantity of cocaine. The state presented no other evidence concerning appellant during its case. However, after the court denied appellant's motion for judgment of acquittal and during Steffey's case, Steffey testified on cross-examination that he had conversations with appellant concerning the cocaine deal. Appellant testified that Steffey had asked him to assist in a jewelry transaction and that he was at the scene for security purposes.
Viewed most favorably to the state, the evidence presented during its case shows only that appellant was present at the scene of the drug transaction and that appellant said, "It's in the white car over there." The state did not present sufficient evidence to prove that appellant knowingly participated in the delivery of a controlled substance. The state also failed to present any evidence from which the jury could reasonably have concluded that appellant participated in a conspiracy to deliver the cocaine. In Way v. State, 475 So.2d 239 (Fla. 1985), the supreme court stated:
We agree that knowledge of the nature of the substance possessed is an essential element to the crime of trafficking in cocaine under section 893.135(1)(b)1. The statute requires "knowing" possession of cocaine and, therefore, lack of knowledge that the substance is cocaine would be a defense.
Id. at 240-41.
This brings us to the question of whether the state may rely on testimony presented during the defendants' cases to sustain the conviction. In Wagner v. State, 421 So.2d 826 (Fla. 1st DCA 1982), the court stated:
Initially, we note that it is clear under the appropriate rule that Wagner did not waive his motion for judgment of acquittal *89 by the introduction of evidence in his defense. Fla.R.Crim.P. 3.380. The State may not rely upon evidence presented during Wagner's subsequent defense to supply essential missing links in the State's prima facie case to support the denial of the motion for judgment of acquittal. Therefore, we will not consider the evidence presented in the appellant's defense.
Id. at 827.
We cited Wagner with approval in Richardson v. State, 488 So.2d 661 (Fla. 4th DCA 1986), and held:
We conclude from our review of the record that the state did not present any independent proof that appellant had either actual or constructive possession of the marijuana for which he was charged. In the absence of such evidence, the trial court erred by refusing to grant the motion for judgment of acquittal which appellant made at the close of the state's case.
Id. at 662.
Also see Brooks v. State, 501 So.2d 176 (Fla. 4th DCA 1987); Greene v. State, 375 So.2d 55 (Fla. 4th DCA 1979), cert. denied, State v. Greene, 388 So.2d 1118 (Fla. 1980); and Ponsell v. State, 393 So.2d 635 (Fla. 4th DCA 1981).
The district court in Adams v. State, 367 So.2d 635 (Fla. 2d DCA), cert. denied, 376 So.2d 68 (Fla. 1979), concluded:
After appellant moved for judgment of acquittal at the close of the state's case and received an adverse ruling on that motion, he took the stand on his own behalf. On cross-examination he was asked whether he held a permit to possess an explosive and answered that he did not. It has been held in this state that where the prosecution fails to introduce evidence of an essential element of a crime, so that there is error in failing to grant a motion for directed verdict or judgment of acquittal, that error is not grounds for reversal where the defendant takes the stand and in his testimony supplies the missing element. Roberts v. State, 154 Fla. 36, 16 So.2d 435 (1944); Kozakoff v. State, 104 So.2d 59 (Fla. 2d DCA 1958); Bullard v. State, 151 So.2d 343 (Fla. 1st DCA 1963). In the Bullard case, the court specifically rejected the contention that evidence presented after denial of a motion for directed verdict of acquittal cannot be considered on appeal in determining whether the denial of the motion was reversible error.
Id. at 637 (footnote omitted).
It appears, in a divided opinion, that the First District Court of Appeal reached a result contrary to Bullard v. State in Wagner v. State, supra. We do not believe Roberts v. State, 154 Fla. 36, 16 So.2d 435 (1944), supports the conclusion reached in Adams. In Roberts, the supreme court held:
Under these circumstances we are of opinion that if the trial judge committed error in refusing to grant the motion for directed verdict made at the close of the State's case, it was harmless error which did not injuriously affect the substantial rights of the appellant, for from the whole evidence in the case the place of the commission of the offense is not left in doubt. What our conclusion would have been had the defendant not voluntarily offered himself as a witness in his own behalf and thus subjected himself to proper cross-examination concerning the matters testified to by him on direct examination is a matter not necessary to be decided, in the light of the record before us.
Id. 16 So.2d at 435-36 (citations omitted).
However, the supreme court decided Roberts before the adoption of Rule 3.380(b), Florida Rules of Criminal Procedure. Rule 3.380(b) provides:
A motion for judgment of acquittal is not waived by subsequent introduction of evidence on behalf of the defendant, but after introduction of evidence by the defendant, the motion for judgment of acquittal must be renewed at the close of all of the evidence. Such motion must fully set forth the grounds upon which it is based.
Rule 3.380(b) furnished the basis for the decision reached by the First District Court of Appeal in Wagner v. State which we subsequently cited with approval in Richardson. For the reason stated in Wagner *90 and Richardson we hold that the trial court erred when it failed to grant the motions for judgment of acquittal made by appellant at the close of the state's case and at the close of all of the evidence.
Accordingly, we reverse appellant's conviction and remand this cause to the trial court with instructions to enter a judgment of acquittal. We recognize that this decision conflicts with the decision reached by the Second District Court of Appeal in Adams v. State, 367 So.2d 635 (Fla. 2d DCA 1979), and certify the following question to the supreme court as a question of great public importance:
WHERE THE STATE HAS FAILED TO MAKE A PRIMA FACIE CASE AND THE DEFENDANT MOVES FOR A JUDGMENT OF ACQUITTAL WHICH IS DENIED AND THEREAFTER, DURING THE DEFENDANT'S CASE EVIDENCE IS PRESENTED THAT SUPPLIES ESSENTIAL ELEMENTS OF THE STATE'S CASE, IS IT REVERSIBLE ERROR FOR THE TRIAL COURT TO DENY THE DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL MADE AT THE CONCLUSION OF ALL OF THE EVIDENCE?
REVERSED and REMANDED.
ANSTEAD and WALDEN, JJ., concur.