534 So.2d 393 (1988)
STATE of Florida, Petitioner,
v.
Ralph PENNINGTON, Respondent.
No. 71399.
Supreme Court of Florida.
November 23, 1988.
*394 Robert A. Butterworth, Atty. Gen. and Mardi Levey Cohen, Asst. Atty. Gen., West Palm Beach, for petitioner.
Michael J. Wrubel of the Law Offices of Michael J. Wrubel, P.A., Fort Lauderdale, for respondent.
OVERTON, Justice.
The State of Florida petitions this Court to review Pennington v. State, 526 So.2d 87 (Fla. 4th DCA 1987), in which the Fourth District Court of Appeal held that the respondent had not waived his right to contest the trial court's denial of his motion for judgment of acquittal where a codefendant's testimony supplied the essential elements for the state's prima facie case against the respondent during the defense's case. In reversing the conviction, the district court expressly recognized conflict with Adams v. State, 367 So.2d 635 (Fla. 2d DCA), cert. denied, 376 So.2d 68 (Fla. 1979), and certified the following question as one of great public importance:
Where the state has failed to make a prima facie case and the defendant moves for a judgment of acquittal which is denied and thereafter, during the defendant's case evidence is presented that supplies essential elements of the state's case, is it reversible error for the trial court to deny the defendant's motion for judgment of acquittal made at the conclusion of all of the evidence?
Pennington, 526 So.2d at 90. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We find that the federal waiver rule is not applicable under Florida Rule of Criminal Procedure 3.380, answer the question in the affirmative, and approve the district court's decision.
The relevant facts reflect that the respondent and three codefendants were charged with drug offenses and tried jointly. In establishing the charges against the respondent, the detective indicated that their only contact with each other occurred in a supermarket parking lot where a drug transaction took place. He testified that the respondent stepped out of the driver's seat of a car and told the detective, "`It's in the white car ... over there.'" Pennington, 526 So.2d at 88. There the detective found another defendant in possession of the contraband. The state presented no other evidence connecting the respondent to the transaction. The trial court denied respondent's motion for a judgment of acquittal at the conclusion of the state's case. During the defense's case, a codefendant, testifying on his own behalf, stated on cross-examination that he had conversations with respondent connecting the respondent to the drug deal. The codefendant's testimony sufficiently established the necessary elements of the offense. The jury convicted the respondent as charged.
The district court, relying on Richardson v. State, 488 So.2d 661 (Fla. 4th DCA 1986), and Wagner v. State, 421 So.2d 826 (Fla. 1st DCA 1982), concluded that the state could not rely upon this evidence to supply the missing link necessary to establish the state's prima facie case. In its opinion, the court concluded that Florida Rule of Criminal Procedure 3.380(b) mandated its decision, but expressly recognized conflict with the Second District's decision in Adams.
The state argues that we should adopt the waiver rule consistent with the Second District's view in Adams and a majority of the federal courts. Under this view, a defendant, on appeal, is not allowed to challenge the denial of a motion for a judgment of acquittal made at the close of the prosecution's case if any deficiency in the government's evidence is subsequently cured during the defense's case. In United *395 States v. White, 611 F.2d 531 (5th Cir.), cert. denied, 446 U.S. 992, 100 S.Ct. 2978, 64 L.Ed.2d 849 (1980), the Fifth Circuit Court of Appeals described the waiver rule's application as follows:
Under the "waiver doctrine," however, a defendant's decision to present evidence in his behalf following denial of his motion for a judgment of acquittal made at the conclusion of the Government's evidence operates as a waiver of his objection to the denial of his motion. If a defendant fails to renew his motion for judgment of acquittal at the end of all the evidence, the "waiver doctrine" operates to foreclose the issue of sufficiency of the evidence on appeal absent a "manifest miscarriage of justice." If a defendant renews his motion for judgment of acquittal at the end of all the evidence, the "waiver doctrine" requires the reviewing court to examine all the evidence rather than to restrict its examination to the evidence presented in the Government's case-in-chief.
Id. at 536 (citations omitted). Following this reasoning, the Second District Court, in Adams, concluded:
After appellant moved for judgment of acquittal at the close of the state's case and received an adverse ruling on that motion, he took the stand on his own behalf. On cross-examination he was asked whether he held a permit to possess an explosive and answered that he did not. It has been held in this state that where the prosecution fails to introduce evidence of an essential element of a crime, so that there is error in failing to grant a motion for directed verdict or judgment of acquittal, that error is not grounds for reversal where the defendant takes the stand and in his testimony supplies the missing element. Roberts v. State, 154 Fla. 36, 16 So.2d 435 (1944); Kozakoff v. State, 104 So.2d 59 (Fla. 2d DCA 1958); Bullard v. State, 151 So.2d 343 (Fla. 1st DCA 1963). In the Bullard case, the court specifically rejected the contention that evidence presented after denial of a motion for directed verdict of acquittal cannot be considered on appeal in determining whether the denial of the motion was reversible error.
367 So.2d at 637 (footnote omitted).
Most federal courts apply this waiver rule. See United States v. Foster, 783 F.2d 1082 (D.C. Cir.1986); United States v. Contreras, 667 F.2d 976 (11th Cir.), cert. denied, 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982); United States v. Perry, 638 F.2d 862 (5th Cir.1981); Benchwick v. United States, 297 F.2d 330 (9th Cir.1961). Federal Rule of Criminal Procedure 29(a) governs motions for judgment of acquittal and states:
Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the government is not granted, the defendant may offer evidence without having reserved the right.
Florida Rule of Criminal Procedure 3.380 governs motions for judgment of acquittal and states, in relevant part:
(a) If, at the close of the evidence for the State or at the close of all the evidence in the cause, the court is of the opinion that the evidence is insufficient to warrant a conviction, it may, and on the motion of the prosecuting attorney or the defendant, shall, enter a judgment of acquittal.
(b) A motion for judgment of acquittal is not waived by subsequent introduction of evidence on behalf of the defendant, but after introduction of evidence by the defendant, the motion for judgment of acquittal must be renewed at the close of all the evidence. Such motion must fully set forth the grounds upon which it is based.
(Emphasis added.) The Florida rule expressly states that a defendant's motion for judgment of acquittal at the close of the *396 state's case is not waived by the defendant's subsequent introduction of evidence if properly preserved by a motion at the close of all evidence. Further, the committee notes reflect that "a minority felt that the language should be changed so that a defendant would waive an erroneous denial of his motion for judgment of acquittal by introducing evidence." Fla.R.Crim.P. 3.660 committee notes (1967).[*] It is clear that our rule was written to prevent application of the federal waiver rule. Before we can accept the state's position, we must first amend Florida Rule of Criminal Procedure 3.380.
Further, we note that a majority of the jurisdictions utilizing the waiver rule would not apply it under these facts because the respondent in this case did not choose to introduce the unproven elements of the offense in his defense. Here, a codefendant presented the missing-link evidence during that defendant's case. See United States v. Belt, 574 F.2d 1234 (5th Cir.1978); United States v. Lopez, 576 F.2d 840 (10th Cir.1978); United States v. Arias-Diaz, 497 F.2d 165 (5th Cir.1974), cert. denied sub nom. Curbelo-Talvara v. United States, 420 U.S. 1003, 95 S.Ct. 1445, 43 L.Ed.2d 761 (1975); Franklin v. United States, 330 F.2d 205 (D.C. Cir.1963); Cephus v. United States, 324 F.2d 893 (D.C. Cir.1963).
Accordingly, we answer the certified question in the affirmative, approve the Fourth District's decision, and disapprove all other conflicting decisions, including Adams; Bullard v. State, 151 So.2d 343 (Fla. 1st DCA), cert. denied, 162 So.2d 904, (Fla. 1963), cert. denied, 377 U.S. 992, 84 S.Ct. 1915, 12 L.Ed.2d 1044 (1964); Kozakoff v. State, 104 So.2d 59 (Fla. 2d DCA 1958); and Roberts v. State, 154 Fla. 36, 16 So.2d 435 (1944).
It is so ordered.
McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
EHRLICH, C.J., concurs in result only with an opinion.
EHRLICH, Chief Justice, concurring in result only.
I agree with the result reached by the majority, that Pennington's conviction should be reversed and this cause remanded to the trial court to enter a judgment of acquittal. However, I do not believe we should answer the question certified by the district court because it is inapposite to the facts of this case. The certified question pertains to evidence presented in the defendant's own case. In the case at bar, however, the crucial evidence was presented not by Pennington, but by a codefendant. Therefore, we should not reach the question of whether the waiver doctrine generally applies in Florida, and we should decline to answer the question certified. As the majority notes, even most courts that apply the waiver doctrine would decline to do so where the unproven elements of the state's case are supplied in a codefendant's case. At 396.
We, of course, have the authority to rephrase the question to make it conform to the facts and to answer it as rephrased. Therefore, I would rephrase the question presented in this case as follows: Where the state has failed to make a prima facie case and the defendant moves for a judgment of acquittal which is denied, and thereafter, during a codefendant's case, evidence is presented that supplies essential elements of the state's case, may that evidence be used to support denial of defendant's renewed motion for judgment of acquittal made at the conclusion of all evidence. I believe that question must be answered in the negative. Whether or not the waiver doctrine generally applies in Florida, it certainly does not apply where the evidence essential to the state's case is supplied by a codefendant. As the Fifth Circuit Court stated in United States v. Belt, 574 F.2d 1234, 1236-37 (5th Cir.1978):
The waiver doctrine is not mere formalism but is an expression of our adversary *397 justice system which requires a defendant to accept the risks of adverse testimony that he introduces. .. . But the decision of a codefendant to testify and produce witnesses is not subject to the defendant's control like testimony the defendant elects to produce in his own defensive case, nor is such testimony within the government's power to command in a joint trial.
In the case at bar, Pennington's motion for judgment of acquittal made at the close of the state's case should have been granted. In no sense could evidence offered by a codefendant, in his own case, and over which Pennington had no control, be said to constitute a waiver by Pennington. I therefore agree that Pennington's conviction should be reversed, and this cause remanded to the trial court with orders to enter a judgment of acquittal.
NOTES
[*] This rule was revised in 1972, amended in 1980, and renumbered Florida Rule of Criminal Procedure 3.380.