SMITH, Chief Judge.
Appellant appeals his convictions for conspiracy to traffic in cocaine, and possession of a firearm during the commission of a felony. We agree that the circumstantial evidence only established appellant’s proximity to the drug transaction, and the state failed to introduce evidence which was inconsistent with appellant’s reasonable hypothesis of innocence. Fowler v. State, 492 So.2d 1344 (Fla. 1st DCA 1986). The trial court should have granted the appellant’s motion for judgment of acquittal at the close of the state’s case which was renewed again at the close of all the evidence. Pennington v. State, 526 So.2d 87 (Fla. 4th DCA 1987), approved, 534 So.2d 393 (Fla.1988).[1]
Further, we agree that the trial court erred in denying the challenges for cause of jurors Edwards and Martin, both of whom expressed doubt as to their ability to be fair and impartial in a case such as this. Singer v. State, 109 So.2d 7 (Fla. 1959). Counsel for the state admitted at oral argument in this cause that neither the prosecutor nor the trial court rehabilitated these prospective jurors. Though the error in denying these challenges for cause would ordinarily necessitate a new trial, the failure of the state to present a prima facie case against appellant requires that his convictions be reversed and the cause remanded to the trial court with instructions to enter judgments of acquittal.
REVERSED AND REMANDED.
ZEHMER and BARFIELD, JJ., concur.

. We note here in passing that the state’s brief contains no discussion or argument of the facts on this point, and in oral argument before this court counsel for the state failed to satisfactorily articulate a statement of facts which could be derived from the evidence sufficient to warrant a jury finding of guilt.