HARRIS, Judge.
L.E.W., a minor, was charged with lewd assault upon a child, a second degree felony. At the adjudicatory hearing, the State examined the investigating officer who, over defense counsel’s objection, testified as to the content of a statement the victim gave during the investigation. This statement, recanted by the victim during the trial, tended to establish the corpus delicti and was admitted into evidence. Following the child-victim’s hearsay statement, the defendant’s “confession” was admitted. The State presented no other evidence that the lewd assault took place.
The defendant contends that the trial court erred in admitting his confession when the State failed to establish the corpus delicti. We agree and reverse.
It is the State’s burden to establish the corpus delicti (the proof that the act occurred and that someone’s criminality was involved) in order for any confession by the accused to be used against him. Burks v. State, 613 So.2d 441 (Fla.1993). The only “evidence” which arguably could have established the corpus delicti in the case at bar was the victim’s hearsay statement to the investigating officer. We recognize that section 90.803(23), Florida Evidence Code, (the hearsay exception for statements of child abuse victims) generally permits admission of these statements. However, this evidence cannot be relied upon to establish the corpus delicti because this exception is subject to the broader evidentiary rule that statements repudiated at trial may not be used as substantive evidence that the act occurred. Such statements at most are useful only for impeachment, Jaggers v. State, 536 So.2d 321, 325 (Fla. 2d DCA 1988). See also State v. Moore, 485 So.2d 1279 (Fla.1986).
Because the State failed to present any substantive evidence to establish the corpus delicti, the admission of the defendant’s confession constituted reversible error.
REVERSED.
DAUKSCH and THOMPSON, JJ„ concur.