689 So.2d 1275 (1997)
Andrew J. MORRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1230.
District Court of Appeal of Florida, Fifth District.
March 21, 1997.
*1276 James B. Gibson, Public Defender, and M.A. Lucas, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael D. Crotty, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, Judge.
Andrew J. Morris was convicted of the unlawful possession of a controlled substance and resisting arrest without violence. Although his scoresheet reflected a sentence of any non-state incarceration, the judge departed and sentenced Morris to five years incarceration based on his unscored juvenile record. Morris appeals his conviction and his sentence. We affirm the conviction but reverse for a new sentencing.
Morris' claim that the court erred in not granting his motion for judgment of acquittal was not preserved for appeal. Although he properly made the motion at the conclusion of the State's case, he did not renew the motion at the conclusion of his case. Rule 3.380(b), Florida Rules of Criminal Procedure provides:
A motion for judgment of acquittal is not waived by subsequent introduction of evidence on behalf of the defendant, but after introduction of evidence by the defendant, the motion for judgment of acquittal must be renewed at the close of all the evidence. Such motion must fully set forth the grounds upon which it is based.
In State v. Pennington, 534 So.2d 393 (Fla.1988), the supreme court noted that the above cited rule expressly states that a defendant's motion for judgment of acquittal at the close of the State's case is not waived by the defendant's subsequent introduction of evidence if properly preserved by a motion at the close of all the evidence. Therefore, both the rule and Pennington (at least by implication) require that a motion for judgment of acquittal must be repeated at the close of all the evidence in order to preserve the denial of such motion for review on appeal.
We agree with Morris, however, that the trial court erred in sentencing both *1277 by not having or providing us with sufficient information and also by setting a Public Defender's lien without proper notice. Although the nonscoreable juvenile record may be considered as a reason for departure, such departure may be no greater than the sentence which the juvenile would have received had the juvenile record been scored. See Puffinberger v. State, 581 So.2d 897 (Fla. 1991). This record does not reflect that the trial court considered what that limitation might be.
We, therefore, affirm the conviction but reverse and remand for a new sentencing in conformity with Pennington and for a new determination of the Public Defender's lien after proper notice.
AFFIRMED in part; REVERSED in part and REMANDED.
COBB and W. SHARP, JJ., concur.