718 So.2d 902 (1998)
James FRANKLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1581.
District Court of Appeal of Florida, Fifth District.
September 18, 1998.
*903 James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lori E. Nelson, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.

ON MOTION FOR REHEARING
James Franklin filed a motion for clarification, rehearing, and rehearing en banc of our decision dated June 9, 1998 which affirmed without opinion his judgment and sentence for second-degree murder.[1] We grant Mr. Franklin's motion for rehearing, affirm his judgment and sentence, but withdraw the June 9 decision and issue this opinion in its place.
On appeal, Mr. Franklin argued the state failed to present sufficient evidence to sustain a conviction for second-degree murder because the state failed to rebut his claim that his confession was not voluntary. Alternatively, Mr. Franklin argued that the state improperly relied on his confession to establish his identity as the murderer. In his motion for rehearing Mr. Franklin refines his arguments, contending that the state failed to establish the corpus delicti for second-degree murder because his confession was the only evidence identifying him as the murderer. This contention lacks merit.
In August 1994, a woman's body was found in an alleyway in Daytona Beach, Florida. The autopsy revealed that the cause of death was repeated blunt force trauma to the woman's face and that she had been dead for several days before her body was found. During the course of the murder investigation, a witness told the police that he had observed Mr. Franklin walking with the victim towards the alleyway several days before the body was found.
In March 1995, Mr. Franklin was arrested on unrelated charges. Officers Flynt and Youngman interviewed Mr. Franklin and asked him whether he had knowledge about the circumstances of this woman's death. Mr. Franklin confessed that, after encountering the woman in the alleyway, he hit and kicked her in the face. He was then charged with second-degree murder in connection with the woman's death.
After the charges were filed, Mr. Franklin entered a plea of not guilty and filed a motion to suppress his confession. His suppression motion simply stated that his confession was not voluntarily made. The motion was "barebones" and did not include a factual basis supporting the claim that his confession was involuntary. For reasons not apparent to us, Mr. Franklin and the state agreed that the trial court would not rule on the admissibility of the confession until trial.
At trial, Officers Flynt and Youngman testified on behalf of the state and were cross-examined regarding the circumstances of Mr. Franklin's confession. They testified that they had advised Mr. Franklin of his Miranda[2] rights before the interview began, and that he had signed a form which indicated that he agreed to waive those rights. The waiver form was admitted into evidence. The officers also stated that they did not make any threats or promises to Mr. Franklin. After hearing the officers' testimony, *904 the trial court denied Mr. Franklin's motion to suppress, satisfied that his confession had been made voluntarily. The officers then described to the jury their interview with Mr. Franklin, and the trial court admitted into evidence an audio recording and a transcript of the confession.
After the state rested its case, Mr. Franklin took the stand and testified before the jury that he had made his confession only because Officers Flynt and Youngman had promised to release him if he gave a statement, and that they had threatened him with the death penalty if he did not confess. At the close of his case, Mr. Franklin renewed his motion to suppress. The trial court again denied the motion. The state did not present additional evidence.
Mr. Franklin first argues that his confession should have been suppressed because his trial testimony regarding voluntariness was unrebutted. Specifically, he argues that after he submitted his trial testimony the state was required to offer additional testimony or evidence to rebut his claim of involuntariness. This argument is meritless because the officers' testimony which was submitted during the state's case-in-chief rebutted Mr. Franklin's version of the circumstances of his confession. Furthermore, the trial court was able to consider Mr. Franklin's version of the facts vis a vis the officers' version of the facts in ruling on the motion to suppress because Mr. Franklin renewed his suppression motion after he completed his testimony. It makes no difference which testimony was submitted first, especially since Mr. Franklin had agreed that the voluntariness of his confession would be decided at trial. This unusual and somewhat confusing situation was complicated by the fact that Mr. Franklin failed to set forth any facts in his motion to suppress and, as a result, the state was not placed on notice as to the specific basis for Mr. Franklin's claim of involuntariness. Perhaps if Mr. Franklin had included the specific facts upon which his motion to suppress was based, the state's questions to Officers Flynt and Youngman would have been more specific. In any event, the trial court's findings with respect to the circumstances of Mr. Franklin's confession depended upon a determination of the credibility of the police officers and Mr. Franklin. The trial court was in a better position then than we are now to judge the credibility of the witnesses, and we will not substitute our judgment for that of the trial court. See Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).
Mr. Franklin next argues that his confession should not have been admitted into evidence because the state failed to establish the corpus delicti in this case. Mr. Franklin correctly asserts that the state had the burden to prove the corpus delicti before his confession could be held to be admissible. See Burks v. State, 613 So.2d 441, 443 (Fla. 1993). However, his claim of error lacks merit because the state clearly established the corpus delicti of homicide through testimony of the witnesses who found the body, the police officers who investigated the crime, and the medical examiner who conducted the autopsy of the victim.
Corpus delicti means the body of a crime. See BLACK'S LAW DICTIONARY 310 (5th ed.1979). Obviously, the traditional purpose of the corpus delicti rule was to ensure that a defendant would not be convicted solely on a mistaken confession to a crime that did not occur. See State v. Allen, 335 So.2d 823, 825 (Fla.1976). The corpus delicti in a homicide case includes proof that: (a) a person died; (b) the death was caused by the criminal agency of another; and (c) the identity of the deceased. See Golden v. State, 629 So.2d 109, 111 (Fla.1993). Contrary to Mr. Franklin's claim otherwise, the state was not required to establish his identity as the killer as a part of the corpus delicti in this case because the identity of the perpetrator of the crime is not an element of corpus delicti in a homicide case. See Allen, 335 So.2d at 825.
Mr. Franklin also argues the trial court erred in denying his motion for judgment of acquittal because his recanted confession was insufficient to establish his identity as the murderer. A confession is admissible as substantive evidence as long as the confession does not constitute the only substantive evidence that a crime was *905 committed. See Traylor v. State, 596 So.2d 957, 964 (Fla.1992); see also Allen, 335 So.2d at 825. Here, Mr. Franklin's confession was not the only evidence submitted by the state to prove that a crime was committed; thus, the confession was admissible as substantive evidence even though it was later recanted at trial. Furthermore, Mr. Franklin's reliance on L.E.W. v. State, 616 So.2d 613 (Fla. 5th DCA 1993), and Santiago v. State, 652 So.2d 485 (Fla. 5th DCA 1995), is misplaced because these cases stand for the proposition that a victim's prior inconsistent statement that was recanted at trial cannot be submitted as substantive evidence that a crime was committed. See State v. Moore, 485 So.2d 1279, 1281-82 (Fla.1986).
Mr. Franklin next contends that the state was required, but failed, to prove his identity as the murderer during its case-in-chief. He maintains that the only evidence as to his identity as the murderer was his confession which was submitted into evidence during the defense case, and therefore, the trial court should have granted his motion for judgment of acquittal. To support this claim, Mr. Franklin cites to State v. Pennington, 534 So.2d 393 (Fla.1988), wherein our supreme court interpreted the waiver rule holding that, unlike federal procedure, "a defendant's motion for judgment of acquittal at the close of the state's case is not waived by the defendant's subsequent introduction of evidence if properly preserved by a motion at the close of all evidence." Id. at 395-96. In other words, a defendant does not run the risk of supplying a missing link in the state's evidence by presenting evidence after moving for a judgment of acquittal at the close of the state's case. See id. However, the rule announced in Pennington does not apply here because the state did not rely on any evidence offered by Mr. Franklin in his defense case to establish that he committed this murder but instead submitted his confession during its case-in-chief.
Finally, although Mr. Franklin's argument that the state failed to submit sufficient evidence of his identity as the murderer lacks merit, this claim of error was not properly preserved for appeal. In his motion for judgment of acquittal, Mr. Franklin argued only that the state failed to prove that he acted in a manner that was imminently dangerous evincing a depraved mind. See Sanderson v. State, 390 So.2d 744, 745 (Fla. 5th DCA 1980); see also Fla. R.Crim. P. 3.380.
AFFIRMED.
GRIFFIN, C.J., and DAUKSCH, J., concur.
NOTES
[1] § 782.04(2), Fla. Stat. (1993).
[2] See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).