721 So.2d 725 (1998)
Andrew J. MORRIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 90427.
Supreme Court of Florida.
December 10, 1998.
*726 James B. Gibson, Public Defender, and M.A. Lucas, Assistant Public Defender, Daytona Beach, for Petitioner.
Robert A. Butterworth, Attorney General, and Steven J. Guardiano, Senior Assistant Attorney General, Daytona Beach, for Respondent.
HARDING, Chief Justice.
We have for review Morris v. State, 689 So.2d 1275 (Fla. 5th DCA 1997), which expressly and directly conflicts with the opinion in In re T.M.M., 560 So.2d 805 (Fla. 4th DCA 1990). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution. For the reasons expressed below, we quash the decision in Morris and remand this case for proceedings consistent with this opinion.
The conflict in these two cases stems from an interpretation of rule 3.380(b) of the Florida Rules of Criminal Procedure. Specifically, the cases are in conflict regarding the requirements for preserving a motion for judgment of acquittal.
In Morris, Morris moved for judgment of acquittal at the conclusion of the State's case, which the trial judge denied. Morris presented evidence and did not renew this motion at the conclusion of all the evidence. Morris appealed the trial court's denial of his motion at the end of the State's case. The district court held that a motion for judgment of acquittal must be repeated at the close of all the evidence in order to preserve the denial of such a motion on appeal.
Similarly, in T.M.M., K.L.M. moved for judgment of acquittal at the close of the State's case, challenging the sufficiency of the evidence, which the trial court denied. K.L.M. presented evidence and did not renew the motion at the close of all the evidence. The district court held that the trial court erred in not granting K.L.M.'s motion for judgment of acquittal since the State failed to present legally sufficient evidence to make a prima facie showing. The district court stated that the "failure to renew such motion at the close of all the evidence does not preclude this court from reviewing the denial of the motion after the state's case in chief." T.M.M., 560 So.2d at 807.
Rule 3.380(b) states:
(b) Waiver. A motion for judgment of acquittal is not waived by subsequent introduction of evidence on behalf of the defendant, but after introduction of evidence by the defendant, the motion for judgment of acquittal must be renewed at the close of all the evidence. The motion must fully set forth the grounds on which it is based.
Fla. R.Crim. P. 3.380(b) (emphasis added). We note that the wording of rule 3.380(b) is internally inconsistent. The rule provides that an initial motion for judgment of acquittal is not waived by the subsequent introduction of evidence, yet the rule still requires that the initial motion be renewed. If the initial motion is not waived, we see no reason why it needs to be renewed.
In State v. Pennington, 534 So.2d 393 (Fla. 1988), this Court affirmed the waiver clause of rule 3.380(b) by holding that the federal waiver rule does not apply in Florida. The Court in Pennington was asked the following certified question:
Where the state has failed to make a prima facie case and the defendant moves for a judgment of acquittal which is denied and *727 thereafter, during the defendant's case evidence is presented that supplies essential elements of the state's case, is it reversible error for the trial court to deny the defendant's motion for judgment of acquittal made at the conclusion of all of the evidence?
Id. at 394. The Court answered the question in the affirmative. Thus, even if the missing element is supplied during the defendant's presentation, the conviction will still be reversed where the state failed to make a prima facie case at the close of the State's evidence.
Therefore, we hold that it is unnecessary to require a defendant to renew the motion for a judgment of acquittal after the defendant has presented evidence. Once the motion has been made at the close of the State's case and brought to the trial court's attention, the trial court has been given an opportunity to rule on the precise issue. The issue should then be considered preserved for appellate review. Rule 3.380(b) shall be interpreted consistent with our opinion today.
Accordingly, we quash the decision below and remand this case to the district court to review Morris's motion for judgment of acquittal made at the close of the State's case.
It is so ordered.
OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.