DANAHY, PAUL W., (Senior) Judge.
The appellant, Donna Jo Redmond, challenges her judgment and sentences for uttering a forged instrument and for petit theft, imposed after jury trial. She argues, and we agree, that there was insufficient evidence to support the convictions, in that it was not proven that she was the individual attempting to cash the check in question. We therefore reverse the convictions and direct the trial court to discharge the appellant.
At trial, Terri Clark, an employee of All Kinds Cashed, a check cashing agency, testified that on April 26, 1997, a woman *78 came into the agency and attempted to cash a check on the account of Sam Nichols. The woman filled out an information card given to her by Ms. Clark. As is required by company policy, Ms. Clark called the account holder, Mr. Nichols, who informed her that the check was stolen. At this point, she called the police. She then returned to the woman and requested that the woman endorse the back of the check and produce a photo ID, which the woman did. Ms. Clark made photocopies of the check and the ID card and, at some point prior to the arrival of the police, she handed the original items back to the woman. Ms. Clark testified that the ID card was a State of Florida ID but was not sure if it was a driver’s license. She stated that she compared the endorsement on the back of the check with the signature on the ID card and they appeared to match. She also believed that the picture on the card matched the face of the woman attempting to cash the check. At trial, Ms. Clark was unable to identify the appellant as the woman in question; and there was no testimony that she had ever identified the appellant as the suspect at any time prior to trial.
The woman left the agency before the police arrived. Prior to leaving, however, she filled out a sweepstakes entry card which Ms. Clark retrieved from the box in which it was placed. At trial, the State introduced into evidence, and Ms. Clark identified, the photocopy of the check, the information card, and the photocopy of the sweepstakes entry card. The endorsement on the check read “Donna Jo Redmond,” and this was also the name on the information card and on the sweepstakes entry card. The photocopy of the ID card was not presented at trial, nor was it introduced into evidence.
Mr. Nichols testified that he has an open checking account and that he is the only authorized signatory on the account. He further testified that the check in question was one of three checks that were missing. He believed that a woman who had been in his home had stolen the checks. The appellant was not that woman.
After the State had presented its two witnesses, it introduced Department of Motor Vehicle forms signed by the appellant along with a copy of her driver’s license. The State rested and the appellant moved for a judgment of acquittal. One of the grounds of the motion was that she had not been identified as the woman who had tried to cash the check. The only testimony on this issue presented by the State in its case in chief was that the woman had endorsed the check in the appellant’s name; that she had provided some kind of Florida ID card in the appellant’s name; that according to Ms. Clark the signature on the ID card appeared to match the endorsement on the check and the woman endorsing the check appeared to match the picture on the ID card; and that the woman filled out an identification card and a sweepstakes entry card in the appellant’s name,
In this case, the evidence of identity was circumstantial. In Leonard v. State, 731 So.2d 712 (Fla. 2d DCA 1999), we held, relying on State v. Law, 559 So.2d 187 (Fla.1989), that to overcome a motion for judgment of acquittal in a circumstantial evidence case, the State has to introduce competent evidence which is inconsistent with.the defendant’s theory of events. In this case, the State introduced no competent evidence in its case in chief that appellant was the woman who endorsed Nichols’ check. The State could have used the testimony of a handwriting expert to prove that the appellant endorsed the check or that she filled out the information card or the sweepstakes entry card. See Clark v. State, 114 So.2d 197 (Fla. 1st DCA 1959). The State could also have used the testimony of a lay witness who was sufficiently familiar with the appellant’s signature. See id. The State did neither. Therefore, we hold that the trial court erred in denying the appellant’s motion for *79 judgment of acquittal made at the close of the State’s case.
We note that, in her case in chief, the appellant put on the testimony of George Spain, some of which was helpful to the State’s case. However, “even if the missing element [necessary to prove the charged offense] is supplied during the defendant’s presentation, the conviction will still be reversed where the state failed to make a prima facie case at the close of the State’s evidence.” Morris v. State, 721 So.2d 725, 727 (Fla.1998). During closing argument, the State invited the jury to compare the endorsement on the check with copies of the appellant’s signature on the items obtained from the Department of Motor Vehicles. We mention this only to note that a jury is not competent to make a handwriting comparison without the aid of expert testimony. See Huff v. State, 437 So.2d 1087 (Fla.1983).
Reversed and remanded with directions to discharge the appellant.
ALTENBERND, A.C.J., and CASANUEVA, J., Concur.