WHATLEY, Judge.
Benjamin McClora appeals an order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse the order, in part, for the trial court to address two matters raised by McClora’s motion.
McClora asserted in his motion for postconviction relief that his trial attorney was ineffective for failing to move for a judgment of acquittal after the close of all the evidence based on the lack of evidence to establish aggravated battery as charged in count three. He further asserted that he was prejudiced by his attorney’s failure, because the evidence was insufficient to support a finding of guilt. The trial court summarily disposed of this allegation by attaching pages of the trial transcript, which show that McClora’s attorney moved for judgment of acquittal at the close of the State’s case. However, the trial court failed to address the allegation that the attorney did not renew the motion at the close of all the evidence.[1] See Fla. R.Crim. P. 3.380(b) (1997). Additionally, the trial court failed to address McClora’s assertion that his attorney was ineffective for failing to object to the use of the victim’s prior inconsistent statements as substantive evidence. See Rodriguez v. State, 753 So.2d 29 (Fla.2000).
We reverse the denial of these two claims and remand for the trial court to either attach documentation supporting the denial of the claims to its order or to conduct an evidentiary hearing on the issues. The trial court’s denial of the remaining claims raised in McClora’s motion is affirmed.
Affirmed in part; reversed in part.
FULMER and COVINGTON, JJ„ Concur.

. We recognize that in Morris v. State, 721 So.2d 725, 727 (Fla.1998), the Florida Supreme Court held that a defendant is not required to renew a motion for a judgment of acquittal after the defendant has presented evidence to preserve the issue for appellate review. However, McClora’s trial was held in May 1997 before the release of the opinion in Morris.