IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WILLIE KEITH CLAY,

        Appellant,

v.                                     Case No.  5D16-2987

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed September 1, 2017

Appeal from the Circuit Court
for Orange County,
Mark S. Blechman, Judge.

James S. Purdy, Public Defender, and
Thomas J. Lukashow, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Appellee.

COHEN, C.J.

      Willie Keith Clay appeals his conviction and sentence after a jury found him guilty

of failure to comply with sex-offender registration requirements. Clay argues that there

was insufficient evidence to sustain his conviction. We agree and therefore reverse and

remand for entry of a judgment of acquittal.

      To establish its prima facie case, the State was required to demonstrate that Clay

qualified as a sexual offender, which included establishing that Clay was released from

incarceration on or after October 1, 1997. See § 943.0435(1)(h)1.a.(I)–(II), Fla. Stat. (2015); see also Fla. Std. Jury Inst. (Crim.) 11.14(g) (delineating elements of failure to register charge: (1) status as sexual offender; (2) offender's county of residence; and (3) knowing failure to reregister). The State offered no direct evidence to do so, providing neither a witness nor documentation from the Department of Corrections to meet its burden. Instead, the State relied solely on an inference that, because Clay was given a ten-year sentence on October 30, 1995, he must have been released from incarceration after October 1, 1997.

On appeal, the State maintains that Clay's sentence is prima facie evidence of the date of his release. We disagree. The State has the burden to prove each element of the offense charged beyond a reasonable doubt. That cannot be accomplished based on guesswork. A number of factors impact the amount of time an inmate serves on any given sentence, and that information is not presented to the jury for determination of an inmate's release date. Moreover, statutory sentencing schemes have changed over time, and the amount of time inmates are required to serve has fluctuated significantly.[1]

No evidence was presented on prison release policies from which the jury could conclude that Clay was released from incarceration after October 1, 1997. The State did not present any other evidence during its case that would have established his precise release date from incarceration—an essential element to finding that Clay qualified as a sexual offender under the statute. See Munroe v. State, 28 So. 3d 973, 975 (Fla. 2d DCA 2010) ("To convict a defendant of failure to register as a sexual offender, the State must

---

[1] For example, the requirement that inmates serve eighty-five percent of their sentences by limiting the accrual of gain time applies only to offenses committed on or after October 1, 1995. See § 944.275(4)(f), Fla. Stat. (2015).

prove beyond a reasonable doubt that the defendant is a sexual offender unless the defendant stipulates that he or she is a sexual offender." (quoting In re Std. Jury Instrs. in Crim. Cases-Report No. 2007-4, 983 So. 2d 531, 533 (Fla. 2008))). Therefore, the trial court erred in denying Clay's motion for judgment of acquittal at the close of the State's case.

Alternatively, the State contends that Clay's testimony during the defense's case-in-chief was sufficient to establish that his release date was after October 1, 1997. We reject this argument. A defendant does not waive the arguments made in a motion for judgment of acquittal at the close of the State's case by subsequently introducing evidence. See Fla. R. Crim. P. 3.380(b); see also Franklin v. State, 718 So. 2d 902, 905 (Fla. 5th DCA 1998) ("[A] defendant does not run the risk of supplying a missing link in the state's evidence by presenting evidence after moving for a judgment of acquittal at the close of the state's case.").

Because the State failed to meet its burden of proof, we reverse and remand for entry of a judgment of acquittal.

REVERSED and REMANDED.

ORFINGER and WALLIS, JJ., concur.